People *v.* Ah Fung.

---

## THE PEOPLE *v.* AH FUNG *et als.*

On trial for murder, the jury have a right to weigh with the other proofs the apparent absence of motive on the part of defendant to commit the crime.

Courts below again cautioned in capital cases to charge the jury in a few plain, simple propositions.

APPEAL from the Sixteenth District.

Indictment for murder. On the trial the prosecution introduced Lew Fung, who was the only witness to the supposed killing, and he testified, in substance, that he and Tong Hoy, the deceased, were traveling along a road when they met a large party of their countrymen—entire strangers—six of whom, without a word of difficulty, seized witness and Tong Hoy, took them aside into the chapparal, tied witness to a bush, and then one of the Chinese struck Tong Hoy on the head with the sword, another pierced him in the back, when he fell, and witness escaped and has never since seen Tong Hoy. The defense was an *alibi*, and several witnesses swore to facts which tended strongly to prove it. Other facts are stated in 16 Cal. 137, where the same case is reported.

Defendants appeal.

*Harmon & Curtis*, for Appellants.

Motives may always be considered by the jury in criminal cases, particularly where, as in this case, the story told by the only witness to the transaction seems most unreasonable. He makes a large party of Chinamen meet himself and deceased traveling along the

road, and without a word of difficulty, six of the party seize the two, take them into the bushes, and kill one of them—all being entire strangers.   The defense set up an *alibi*, and introduced several witnesses to prove it.   And yet the Court forbade the jury asking themselves "What motive could defendants have had?" The thing looked mysterious, and yet the jury were restricted from probing it to the bottom.

*Thomas H. Williams, Attorney General,* for Respondent.

No brief on file.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The defendants, who were Chinamen, were indicted for murder, and convicted of the first degree of that crime.

It is assigned for error, among other things, that the Court erred in instructing the jury: "As to the apparent absence of motive, I give you in charge that it cannot be considered either as proving or disproving the case.   If the question is asked, 'Why did these prisoners kill the deceased?' the law answers only, 'Why did any person kill him?'   Or, in reply to the argument of counsel, that no one would kill another under the circumstances stated, you would say at once, if you believe the facts to be proved—that Lew Fung was tied to the bush, and Tong Hoy was murdered—that somebody did do it.   All murder is unreasonable; for if there be just reason for a homicide, it is not murder.   The motives of guilty agents are so numerous, so hidden, and sometimes so inconsistent with reason, that were we to seek on trials like this for motives, we would find ourselves surrounded by the mysterious wickedness of the human heart.   Malice aforethought is a necessary ingredient of murder, yet it is never necessary to prove malice.   For whenever one man kills another, and no cause or reason appears, it indicates a heart void of social duty, and fatally bent on mischief; and if the prosecution were required to do more, the attempt would be no less unreasonable than unprofitable."

In this charge the Court erred.   The fact of motive or the absence of motive is always an important inquiry in an issue of this

People *v.* Ah Fung.

kind.   It is true that this consideration is not a conclusive circumstance ; but it is entitled to be considered, and may or may not be of great weight, according to the particular circumstances.   The prisoner is always entitled to have every circumstance and fact in his favor weighed by the jury, and passed upon in their deliberations.   The defendants here were entitled to have this fact of the absence of any apparent motive for the perpetration of so great a crime as a willful and assassinous murder weighed by the jury with the other proofs.   It is against all experience and reason to suppose that a man will imperil his own life, and inflict upon another a brutal crime without motive, and in the mere wantonness of depravity.   It is true that it does not follow that there was no motive, because no motive appears, or even that it follows that such wickedness as is implied from a crime for which there was no motive is impossible.   But when the inquiry is as to the author of a crime, it is always a matter of importance to ascertain whether the person on whom it is charged had any motive to commit it.

We call attention again to what we said in the *People* v. *Bealoba,* as to the charges to the jury in capital cases.   An elaborate charge, covering many pages of paper, written often in haste, and embracing a variety of suggestions and propositions, must embody, in many cases, errors which will vitiate a conviction ; for in such cases it is necessary that the law should be given with entire accuracy.   A few plain, simple propositions, clearly stated, give the jury a more satisfactory understanding of the principles involved than pages of general dissertation ; while it is next to impossible to avoid saying something in the course of a long and elaborate charge, like that before us, upon which the criticism of acute lawyers may not be successfully exercised.

We have given already, in cases recently decided, our views in respect to the degrees and definition of murder, by following which the Judges below may put the case fairly before the jury upon this question.

Judgment reversed and cause remanded for a new trial.