## THE PEOPLE *v.* THOMAS BYRNES.

MURDER IN THE SECOND DEGREE.—It is neither necessary nor proper for the Court, on the trial of an indictment for murder, to give a definition of murder in the second degree, unless there is evidence in the case tending to prove that the crime was or may have been of that grade in the given instance.

INSTRUCTIONS TO THE JURY.—Instructions by the Court should always be given with reference to the facts proved before the jury.

INSTRUCTION TO A JURY IN A CRIMINAL CASE.—On a trial for murder, if the Court charges the jury that they are to determine whether the killing was "unlawfully" done by the prisoner, it should define the meaning of the word "unlawfully" in the connection in which it is used.

CHARGE ON MATTERS OF LAW IN CRIMINAL CASE.—In a criminal case the Court should charge the jury fully with respect to such matters of law as are applicable to the case, and if the charge is sufficiently comprehensive in this respect it is not too general, particularly if the accused does not request that the charge be more specific.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The defendant was indicted for the crime of murder, committed by killing one Charles T. Hill on the 19th of February, 1865. He was convicted of murder in the first degree, and sentenced to be executed, and appealed from the judgment.

The other facts are stated in the opinion of the Court.

*Cope, Daingerfield & Hambleton,* for Appellant.

*J. G. McCullough, Attorney-General,* for the People.

By the Court, SHAFTER, J.:

It is neither necessary nor proper for the Court, on the trial of an indictment for murder, to give an extended or any definition of murder in the second degree, unless there is evidence in the case tending to prove that the crime was or may have been of that grade in the given instance. Instructions are always to be given with reference to the facts proved before the jury. (*People* v. *McCauley*, 1 Cal. 385 ; *People* v. *Arnold*, 15 Cal. 477 ; *People* v. *Sanchez*, 24 Cal. 18 ; *People* v. *King*, 27 Cal. 509.) We consider that all the evidence having to do with the question tended to prove murder in the first degree ; and it is certain that there is none having the slightest tendency to the contrary. The most than can be said is that the crime may by possibility have been murder in the second degree, or a mere manslaughter ; but it is possible also that no crime was committed. The circumstance that counsel conducted the defense on the theory of murder in the second degree, assuming that he did so, did not, in itself, make it necessary that the Court should deal with the case in an aspect which it did not in fact present. In the case of *State* v. *McDonnell*, 32 Vt. 492, cited for the appellant, the charge of the Court was held to be erroneous because " there being testimony in the case tending to prove a case of manslaughter only, the Court neglected to call the jury's attention to it, in that light ; or to the theory of the respondent's counsel upon the evidence, indicating that the crime was manslaughter and not murder."

But in the case at bar, the Court did, as matter of fact, give to the jury a definition of murder in the second degree in the language of the statute, and told them, in effect, that it was with them to determine the grade of the crime.

The Court told the jury, in the course of the instructions, as follows: " The establishment of the charge in this cause involves the proof of two distinct propositions ; first, that the killing of Charles T. Hill, by somebody or something, was

.actually committed; and secondly, that it was 'unlawfully' done by the prisoner and none other."

If the Court had failed to state to the jury the import of the word " unlawfully " in the connection in which it was used, the charge would have been open to objection. But there was no such omission, for the Court had previously stated to the jury the elements of murder in both degrees as given in the statute. We cannot consider the circumstance that the word " unlawfully " was defined before it was used, as amounting to error, or as leaving the jury in a state of doubt or uncertainty as to the meaning of the term.

The objection that the rule of "reasonable doubt" was applied to the killing only, is not sustained by the record. The rule as given by the Court was made applicable to all the questions of fact which the case presented.

The objection that the charge was too general cannot be sustained under the rule as laid down in *People* v. *Gibson*, 17 Cal. 285 ; and *People* v. *Ah Fung*, 17 Cal. 379.) The Court is required by the four hundredth section of the Criminal Practice Act " to state to the jury all such matters of law as it shall think necessary for their information, in giving the verdict." If the charge is sufficiently comprehensive, the rule is satisfied, and particularly must it be so held where the accused does not request that the charge may be made more specific or minute.

Judgment affirmed, and the Court is directed to appoint a day for carrying the sentence into execution.