[No. 10,905.  In Bank.—October 8, 1884.]

## THE PEOPLE, APPELLANT, *v.* GEORGE L. JORDAN, RESPONDENT.

CRIMINAL LAW—APPEAL—ATTACK ON RECORD.—The verity of a transcript on appeal cannot be attacked by affidavits filed in the Supreme Court in support of a motion to dismiss.

OBTAINING MONEY UNDER FALSE PRETENSES—SUFFICIENCY OF INDICTMENT.
—The defendant was charged with obtaining money under false pretenses, and the indictment alleged that at a certain time and place the defendant, with intent to defraud one K. of his property, did unlawfully, knowingly, and designedly, falsely pretend and represent to him that certain bonds of a certain railroad were of the market value of six hundred dollars ; that any bank in San Francisco would lend that amount on them ; that the road of the company issuing the bonds was in running order and paying expenses ; and that K., believing the false pretenses and representations, was induced by reason thereof to loan and deliver to defendant on the pledge of the bonds the sum of thirteen hundred and sixty-five dollars.   It further charged that the money was obtained by the defendant unlawfully, knowingly, and designedly to defraud K.   It also negatived the truth of the representations.  *Held,* that the indictment was sufficient.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, sustaining a demurrer to the indictment.

The facts are stated in the opinion of the court.

*Attorney General Marshall*, and *C. B. Darwin*, for Appellant.

*John M. Lucas*, for Respondent.

MORRISON, C. J.—The principal grounds on which defendant based his motion to dismiss the appeal, have already been considered and overruled by the court.   (65 Cal. 644.)

But there is another ground not heretofore considered, on which the defendant asks that the appeal in this case may be dismissed, and that is, because section 1240 of the Penal Code has not been complied with.   That section provides that an appeal is taken by filing with the clerk of the court a notice of appeal, and serving a copy thereof on the attorney of the adverse party.

The contention here is, that the notice of appeal in the case now under consideration was served on the adverse party one day before the same was filed in the office of the clerk.   This fact defendant attempts to establish by affidavits.

Without passing on the question as to what would be the effect of such a proceeding, if true, it is sufficient to say that the transcript shows a different state of facts, to wit : that the notice was filed and served on the same day.

It is not competent to correct the record of the court below by affidavits.   If the record does not speak the truth, it should have been corrected in a proper proceeding in the court below, and its verity cannot be attacked in the manner attempted in this case.

The motion to dismiss must be denied ; and we will now consider the merits of the appeal.

The prosecution in this case is under section 532 of the Penal Code, which provides that " every person who knowingly and designedly, by false or fraudulent representations or pretenses, defrauds any other person of money or property, or who causes or procures others to report falsely of his wealth or mercantile character, and by thus imposing upon any person obtains credit, and thereby fraudulently gets into possession of money or property, is liable," etc.

The above section, which is substantially copied from the English statute, and finds a place in the Penal Codes or criminal enactments of other States, was considered by the Supreme Court of Massachusetts, in *Commonwealth* v. *Drew*, 19 Pick. 182, and it was there held that to constitute the offense described four things must concur, and four distinct averments must be proved :

" 1.   There must be an intent to defraud ;

" 2.   There must be an actual fraud committed ;

" 3.   False *pretenses* must be used for the purpose of perpetrating the fraud ; and,

" 4.   The fraud must be accomplished by means of the false pretenses made use of for the purpose, viz ; they must be the cause which induces the owner to part with his money." And Mr. Bishop, speaking of this offense, says :

"In spite of somewhat varying terms, the essential elements of most of the statutes defining this offense are the same ; and the indictment to cover them, as construed, must set out a pretense or pretenses which it alleges to be false, and known to the defendant to be so, made to a person named, for the purpose of defrauding him or another, by means whereof he obtained from the defrauded person some specified thing of value, of a sort included in the statutory inhibition.   Herein the statutory words and phrases should be employed, and the facts be given with such minuteness and directness as to satisfy the common law rule of pleading."   (2 Bishop on Criminal Procedure, § 163.)

If the indictment in this case is subjected to the test laid down in the foregoing authorities, it will be found to contain all that is required in such an instrument.   The indictment charges that the defendant, at a certain time and place therein mentioned, with intent to defraud Joseph Kreling of his property, did unlawfully, knowingly and designedly, falsely pretend and represent to him that two certain bonds which he, Jordon, then and there had and produced to said Kreling, each of which purported to be a bond of the Arizona and Nevada Railroad and Navigation Company, and each being a promise to pay James G. Fair, or the holder thereof, $1,000, the same being duly signed and executed (giving a copy thereof), and did then and there unlaw-

fully, knowingly, designedly, falsely and fraudently represent and pretend to said Joseph Kreling that each of said bonds was then and there, in said city and county of San Francisco, of the market value of $650; and that any bank in San Francisco would lend that amount on each of said bonds; and further, that the road of said company issuing said bonds was in running order and was paying expenses. And the said Joseph Kreling then and there believing said false pretenses and representations, and being deceived thereby, was induced, by reason of such false pretenses and representations, so made, etc., to loan and deliver, and did then and there deliver, to said Jordon, on the pledge and security of said bonds, the sum of thirteen hundred and sixty-five dollars in money. It is further charged that said money was secured and obtained by the defendant unlawfully, knowingly, and designedly to defraud said Kreling. The indictment then proceeds to deny the truth of the false and fraudulent representations and pretenses, charging that said bonds, at the time and place the same were pledged, had not any market value whatever; that it was not true that any bank in the City of San Francisco would loan any money thereon; and that the company issuing said bonds had no road that was in running order, or that was paying expenses, all of which facts the said Jordon then and there knew.

We cannot see in what respect the indictment is defective, and are of opinion that the court below erred in sustaining the demurrer thereto.

It is true that the authorities may be somewhat conflicting, and that in many of them very nice and not entirely satisfactory distinctions are drawn between cases that are, and cases that are held not to be, within the statute; and, as was said by Dewey J., in the case of *Commonwealth* v. *Norton,* 11 Allen, 267, " It may be difficult to draw a precise line of discrimination applicable to every possible contingency, and we think it safer to leave it to be fixed in each case as it may occur." But we have found no case that holds such representations as are charged in this case, not indictable. The following principles and authorities may be cited in further support of the views herein expressed:

A false pretense is defined to be " a representation of some

fact or circumstance calculated to mislead, which is not true."
(*Commonwealth* v. *Drew*, 19 Pick. 179.) What is said to be a
fuller and practically better definition is the following : " A
false pretense is such a fraudulent representation of an existing
or past fact, by one who knows it not to be true, as is adapted
to induce the person to whom it is made to part with some-
thing of value. (2 Bishop on Criminal Law, § 415.) In the
case of *Reg.* v. *Evans* (8 Cox C. C. 257, note to 2 Bishop's Cr.
Law, 235), it is said : " Had the prisoner represented the note
to be of £5 value, when she knew it was not of that value, and
the jury had found the false pretense, and that the note was of
less value than £5 to her knowledge, it would have been suffi-
cient to sustain a verdict of guilty." In the case of *Common-
wealth* v. *Stone*, 4 Met. 43, the Supreme Court of Massachu-
setts held that the passing of a bill of a broken bank at its
nominal value by one who represents it to be of such value, yet
knows it to be nearly if not quite worthless, is an indictable pre-
tense under the statute, although the bill may be of some value.
" A representation that a horse is sound, by one who knows it
not to be true, is within the statute and is indictable." (*State*
v. *Stanley*, 64 Maine, 157.)

The doctrine that, in the language of Russell, the pretense
" need not be such an artificial devise as will impose upon a
man of ordinary caution, is fully established, at least in the En-
glish courts. And the pretense need not be such as cannot be
guarded against by common prudence." (2 Bishop's Cr. Law,
§ 436.) " It is substantially settled that any false representation
extending beyond mere opinion concerning the quality, value,
nature or other incident of an article offered for sale, whereby a
purchaser, relying on the representation, is defrauded, is a vio-
lation of these statutes." (Id. § 444.) " A mere opinion is not
a false pretense ; but any statement of a present or past fact is,
if false." (Id. § 418.) " There need be only one false pretense ;
and although several are set out in an indictment, yet if any one
of them is proved, being such as truly amounts in law to false
pretense, the indictment is sustained." (Id. § 478.) A false
representation that one Conlin was a liquor dealer, doing busi-
ness as such in Boston, was held to be within the statute.
(*Commmonwealth* v. *Stevenson*, 126 Mass. 449.)

We have examined the numerous cases cited by the learned counsel for defendant, but find none of them going to the extent claimed.

Other questions are made in the brief of defendant's counsel, but they do not properly arise. We have considered the only questions presented by the record on this appeal, and are of opinion that the judgment sustaining the demurrer appealed from should be reversed. It is so ordered.

ROSS, J., MYRICK, J., THORNTON, J., and MCKINSTRY, J., concurred.