[Crim. No. 436.    Department One.—January 13, 1899.]

THE PEOPLE, Respondent, v. JAMES H. CUMMINGS, Appellant.

CRIMINAL LAW—OBTAINING NOTE UNDER FALSE PRETENSES—EXCHANGE OF LAND—SUFFICIENCY OF EVIDENCE—QUESTIONS FOR JURY.—Evidence examined and held sufficient to support verdict of conviction.

ID.—CAVEAT EMPTOR — INAPPLICABLE MAXIM— REASONABLE BELIEF OF FALSE PRETENSES.—The maxim or doctrine of *caveat emptor,* as known in civil cases, has no application to a criminal charge of obtaining a promissory note under false pretenses, as part of the consideration for a conveyance of land, the acceptance of which was induced by false and fraudulent representations. In determining whether the defrauded party really believed and acted upon the representations of the accused in such case, it

is proper to inquire whether they were of a character probably to induce belief in his mind, or in the mind of a person of ordinary intelligence.

ID.—CREDULITY OF PERSON DEFRAUDED.—But the guilt of the accused does not depend upon the degree of folly or credulity of the person defrauded.

ID.—VENUE—PLACE OF DELIVERY OF NOTE.—An indictment for the offense of defrauding the maker of a promissory note by means of false and fraudulent pretenses may be found and tried in the county in which the possession or delivery of the note was obtained as the result of the false and fraudulent pretenses, although they were made in another county.

ID.—ONCE IN JEOPARDY.—The record of a former case in which the defendant was tried for defrauding one of the makers of the joint note of a note described as his, by means of false pretenses, does not sustain a plea of once in jeopardy for the offense charged of obtaining the joint note signed by such maker and another person by means of false pretenses.

ID.—PENDENCY OF FORMER ACTION.—The pendency undetermined of the former action was no obstacle to the finding and trial of the indictment for obtaining the joint note under false pretenses.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from orders refusing to set aside the indictment, overruling a demurrer thereto, and denying motions in arrest of judgment and for a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion.

Charles H. Hubbs, and J. G. Severance, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

BRITT, C.—There was a former prosecution of Cummings, the defendant here, resulting in a judgment of conviction which was reversed in this court on the ground (among others appearing) of variance between the indictment and proof; it being held that the charge in that action of procuring by means of fraudulent representations the promissory note of one C. Schnelle was not sustained by proof of obtaining by such means the joint note of C. Schnelle and L. W. Schnelle. (*Peo-*

ple v. Cummings, 117 Cal. 497.) After that decision the indictment in the present case was found, charging defendant with procuring by false and fraudulent representations, particularly set forth, the promissory note of said C. and L. W. Schnelle; he was again convicted, hence the present appeal.

It is contended that there was no evidence to justify the verdict of guilty. The trial court instructed the jury—properly it would seem—to disregard certain portions of the evidence submitted by the prosecution, and the matters left for their consideration related mainly to the character and consequences of divers representations made by defendant concerning a tract of land owned by him, containing sixteen and one-half acres, situated in the county of Butte, which representations occurred in the course of a transaction wherein defendant conveyed the said tract of land, besides other property, to said C. Schnelle, and received in exchange therefor certain land of the latter, situated in Lake county, and also the promissory note aforesaid executed by both the Schnelles. Said note was for the sum of one hundred and seventy-five dollars, and was afterward paid by the makers. L. W. Schnelle is the son of C. Schnelle, and acted as a broker for both his father and defendant, it seems, in the said transactions. Without descending to unnecessary details it may be said that there was evidence that defendant stated to the Schnelles that his said tract of sixteen and one-half acres cost him two thousand five hundred dollars, cash; that the soil thereof was a dark, rich loam, and all cultivated, and that it adjoined a certain famous orchard; also that the statements were believed by the Schnelles and were part of the inducement to the execution of said note. There was further evidence that in fact the land of defendant did not adjoin said orchard, that nearly all of it was rocky, covered with bowlders, uncultivated and not susceptible of cultivation, and that defendant had paid no cash for it at all, but obtained the same as a bonus for releasing certain parties from a contract he had with them. These matters, with other evidence in the case, made a question for the jury whether defendant uttered such representations, knowing them to be false, or (which is tantamount to knowledge of falsity) recklessly and without in-

formation justifying a belief that they were true. In our opinion there was some evidence tending to prove all the elements of the offense charged. (See *People v. Millan*, 106 Cal. 320; *People v. Jordan*, 66 Cal. 10; 56 Am. Rep. 73; *People v. Bryant*, 119 Cal. 595.) Its weight and credibility were matters for the jury, and their conclusion thereon cannot be disturbed in this court.

Defendant claims that the doctrine of *caveat emptor*, as known in civil cases, should have effect here. In determining in cases like the present whether the defrauded party really believed and acted upon the representations of the accused it is proper to consider whether they were of a character to probably induce belief in his mind or in the mind of any person of ordinary intelligence; but the law as it is at this day understood does not make it essential to conviction that the pretenses must have been such as would probably deceive such a person; the guilt of the accused does not depend upon the degree of folly or credulity of the party defrauded; the rule invoked affords no defense against a criminal charge. (*People v. Martin*, 102 Cal. 558, 566; *People v. Jordan, supra; Oxx v. State*, 59 N. J. L. 99; 1 Bishop's Criminal Law, 8th ed., sec. 874; 2 Id., secs. 433, 434.)

It is contended that the superior court in and for the city and county of San Francisco, where defendant was indicted and tried, had no jurisdiction of the case, for the alleged reason that the false representations charged appeared by the evidence to have been made in Alameda county, where C. Schnelle resided. It is undisputed, however, that the note was delivered by the Schnelles to defendant in the city and county of San Francisco; it was here, therefore, that defendant's representations had final effect and the offense became complete; the venue was properly laid by the indictment in San Francisco. (*People v. Adams*, 3 Denio, 206; *State v. Shaeffer*, 89 Mo. 271.)

There appears in the record matter which for present purposes may be treated as a plea of once in jeopardy for the offense charged; the court instructed the jury to find for the prosecution on this issue, which was done accordingly; such instruction is assigned for error. There was no evidence to support the plea, and the instruction was right; the evidence offered in

that behalf—and admitted by consent—included the record of the former case wherein defendant was tried for defrauding C. Schnelle, and the decision of this court reported in *People v. Cummings, supra;* other considerations aside, the charge in that action—of fraudulently obtaining the note of C. Schnelle—was not the charge for which he has been prosecuted here, viz., the fraudulent procurement of the joint note of the two Schnelles; the decision just mentioned makes this apparent; he was therefore not on trial or in jeopardy in that action for the offense of which he has been convicted in the present. (*People v. Reed,* 70 Cal. 529, 533.) The pendency undetermined of the said former action was of course no obstacle to the finding and trial of the indictment in this. (See *Kalloch v. Superior Court,* 56 Cal. 236.)

We find no legal ground for reversal, and recommend that the judgment and orders appealed from be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and orders appealed from are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.

Hearing in Bank denied.