## PEOPLE v. FELIZ.

### Cr. No. 863; June 11, 1902.

69 Pac. 220.

**Larceny—Instructions.—**On a Prosecution for Grand Larceny, an instruction that if defendant was not present when the alleged crime was committed he was not guilty was properly refused, as aiding and abetting the crime would have rendered defendant guilty as a principal.

**Criminal Law—Alibi.—**Where the Court Instructed That, if the evidence tended to establish an alibi, to the extent that it raised a reasonable doubt as to defendant's guilt, he should be acquitted, and gave other correct instructions on the subject, the refusal to instruct that, if the jury entertained a reasonable doubt as to the sufficiency

of the evidence to establish an alibi, defendant should be acquitted, was not reversible error.

    Larceny—Instructions.—Where, on a Prosecution for Grand Larceny, there was evidence connecting defendant with the commission of the crime other than the mere fact of his presence and failure to interfere with the commission thereof, the refusal to instruct that the mere fact that one is present when a larceny is committed, and makes no attempt to prevent it, does not render him guilty of the crime, was not prejudicial error.

APPEAL from Superior Court, San Luis Obispo County; E. P. Unangst, Judge.

Frank Feliz was convicted of grand larceny and he appeals. Affirmed.

William Graves and Louis Lamy for appellant; Tirey L. Ford, attorney general, and A. A. Moore, Jr., deputy attorney general, for the state.

CHIPMAN, C.—Defendant was convicted of the crime of grand larceny, to wit, the stealing of a cow and heifer. He appeals from the judgment and the order denying his motion for a new trial. The errors complained of by defendant relate exclusively to the refusal of the court to give certain instructions requested by defendant. It seems to be conceded that the evidence justified the verdict.

1. The court refused the following instruction: "If you believe from the evidence that the defendant was not present at the time it is alleged that the crime was committed, you must acquit him." This was not error. Defendant may have aided and abetted the crime without being personally present when the animals were stolen. One who aids and abets in the commission of a crime becomes a principal: Pen. Code, sec. 31. See, also, People v. Roberts, 122 Cal. 377, 55 Pac. 137, cited by both parties. The instruction might have misled the jury in the form requested.

2. The court refused the following instruction: "If you entertain any reasonable doubt from the evidence as to the sufficiency of the said evidence to establish an alibi in this case, it is your duty to resolve such doubt by an acquittal of the defendant," citing People v. Roberts, supra, and some other cases. The court instructed the jury that, "if the evidence

*offered tends to establish an alibi to the extent that it is suf-ficient to raise a reasonable doubt in your minds as to defend-ant's guilt, then you should acquit him.''* The court further instructed the jury in accordance with the views expressed, and nearly in the language found, in People v. Roberts. It was not error to refuse the instruction asked, for the reason that the jury were properly and clearly instructed on the subject. The same may be said as to the instructions refused relating to the testimony of an accomplice. The court went into the law on this feature of criminal trials quite fully, and, we think, correctly stated the law. An error in refusing an instruction is cured if the instruction refused is elsewhere given substantially. The court is not required to repeat its instructions.

3. The court refused to give the following instruction: ''The mere fact that one person is with another when a lar-ceny is committed, and knows that property has been stolen, and makes no interference on his part to prevent the larceny, does not render him guilty of the crime.'' If the facts and circumstances of this case were such as to make the instruc-tion applicable, it might have been proper. But there were facts and circumstances other than the one mentioned tending to connect the defendant with the commission of the crime charged. Instructions should always be given with reference to the facts proved to the jury: People v. Byrnes, 30 Cal. 206. It would tend to mislead or confuse the jury for the court to single out a fact from a chain of facts, and instruct that such fact alone was insufficient to warrant a conviction, without some reference to other facts, or some qualification that would avoid any misinterpretation of the instruction by the jury. While the instruction, as requested, may be correct, we do not think it was prejudicial error to refuse to give it to the jury in view of the facts shown by the record. These remarks apply with equal force to the instruction immediately follow-ing the one just noticed.

The judgment and order should be affirmed.

We concur: Cooper, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.