[Crim. No. 22. First Appellate District.—February 9, 1906.]

THE PEOPLE, Respondent, v. J. J. SMITH, Appellant.

CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—EVIDENCE.—In a prosecution for obtaining money under false and fraudulent pretenses and representations, in which the defendant was convicted, *held,* that the verdict of the jury was sustained by the evidence.

ID.—REPRESENTATIONS AS TO VALUE OF PROPERTY—REPORT OF EXPERT NOT IN EVIDENCE—REMARK OF COURT.—In a prosecution for obtaining money by reason of false pretenses and representations as to the value of the property of a certain mining corporation, in the stock of which the prosecuting witness was induced to invest, where a witness for the defendant, in answer to a question if he knew the value of certain mining property owned by the corporation, had stated that he knew it only from the report of a mining engineer, and volunteered the testimony that the latter placed its value at a specified amount, a remark by the court, in striking out such testimony, that "even if the report is here, it would not prove the fact of value. A report don't prove anything," will be deemed to have been without prejudice, if there was no report before the jury, and no offer by the defendant, at any time during the trial, to introduce it.

ID.—HEARSAY EVIDENCE—INFORMATION DERIVED FROM OUTSIDE SOURCES. In such prosecution, a witness for the defendant cannot testify as to what report the expert made, as such evidence would be hear-

say, nor can he testify as to his opinion of the value derived from information from other sources, without designating the sources from which it had been derived.

Id.—Instructions—Credulity of Prosecuting Witness.—It is proper to instruct the jury, in such a prosecution, that the defendant could not escape the consequences of his false representations on the ground of the weak credulity of the prosecuting witness, if it appeared that the false representations were made with the design to deceive and thereby obtain money from her, and that they had that effect.

Id.—Opportunity for Investigation.—In a criminal prosecution for obtaining money under false pretenses, the rule that obtains in a civil action for deceit under which a prospective purchaser, having the opportunity, is required to investigate for himself the truth of representations as to value, has no application, for the reason that in a criminal case the offense is committed against the public, and not against the individual, and is prosecuted in the interest of the public and not of the prosecuting witness.

Id.—Falsity of all Representations not Necessary—Knowledge and Intent—Instructions.—It is not necessary for the prosecution to prove all of the alleged false representations contained in the information, but it is sufficient to prove that the defendant made any one of them, and that the prosecuting witness relied upon such representation and was thereby deceived, and parted with her money on the strength thereof; and a particular instruction to that effect is not erroneous merely because it omits a direction that, in order to convict the defendant, the jury must find that he knew the representation was false and that he made it with intent to defraud,· if previous portions of the instructions, correctly defining the offense of obtaining money under false pretenses, stated that the intent of the defendant to defraud was a necessary element of the crime. If the defendant had desired a more specific instruction on that point he should have made a request to that effect.

Id.—Statements in Presence of Defendant—Evidence.—An instruction that ''to constitute such offense it is necessary that the particular representation or pretense complained of should have been made to the person alleged to have been defrauded,'' and an instruction that ''a statement by a third person in the presence of the defendant and the prosecuting witness is not itself evidence of the fact related in the statement, but such statement is admissible primarily for the purpose of showing, or tending to show, the conduct of the defendant at the time of the alleged false representations,'' are not contradictory. The conduct of the defendant when the statement was made in his presence would be a corroborating circumstance'' authorized to be shown by section 1110 of the Penal Code.

ID.—READING TESTIMONY TO JURY AFTER RETIRING.—Where the jury, after retiring, came into court, and requested to have certain testimony, including that of the defendant, read to them, the court is only required to have read to them so much of the defendant's testimony as they may desire.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

William B. Hardy, for Appellant.

U. S. Webb, Attorney General, and J. P. Sex, Deputy District Attorney, for Respondent.

HARRISON, P. J.—The appellant is charged in the information herein with having willfully and designedly defrauded one Kate Boyle of the sum of $100 by means of certain false and fraudulent pretenses and representations made to her for the purpose and with the intent of inducing her to purchase from him certain shares of the capital stock of a corporation known as the Altadena Mining and Investment Syndicate; and having been convicted thereof and afterward sentenced to confinement in the state prison at San Quentin for one year, has appealed therefrom.

The evidence set forth in the bill of exceptions was sufficient to authorize the jury to find therefrom that on the 14th of August, 1903, the defendant sought to induce the said Kate Boyle to purchase from him some shares of stock in the said corporation, and at that time represented and stated to her that the assets of the corporation amounted to $125,000 over and above all its liabilities, and that it had during the previous year paid a dividend of twenty-five per cent to its stockholders; that by reason of these representations and her belief in their truth she purchased the stock from him and paid him $100 therefor; that the representations were false, and were known by the defendant to be false; that the corporation had never paid a dividend upon its stock, and that its assets did not amount to $125,000, and that the stock sold to her was worthless. Upon these facts the ver-

dict of the jury cannot be said to be unsustained by the evidence.

For the purpose of showing the value of certain mining property in Nevada held by the corporation a witness called by the defendant was asked if he knew its value; and after stating that he knew it only from the report of a mining engineer, stated, without being interrogated thereon, that the latter placed its value at $20,000. Upon motion of the prosecution the court struck this out, and in its ruling said: ''Even if the report is here it would not prove the fact of value. A report don't prove anything.'' The defendant took an exception to this remark, and now urges the same as error upon the ground that the jury were prejudiced thereby. We are unable to see how the jury could have been affected by this remark. There was no report before the jury. The defendant did not, either at that time or any time during the trial, offer to introduce any report, and the remark was not.made with reference to any evidence which the jury could consider. The further question asked the witness as to what report the expert made only called for hearsay evidence, and was properly excluded, as was also the question asked him as to his opinion of the value derived from information from other sources without designating the sources from which it had been derived.

The court instructed the jury that the defendant could not escape the consequences of his making any false representations on the ground of the weak credulity of his victim, if it appeared that the false representations were made with the design to deceive and thereby obtain money from her, and that they had that effect. There was no error in this instruction. (*People* v. *Cummings,* 123 Cal. 269, [55 Pac. 898].) The party so deceived is none the less defrauded of his money because he might have made an investigation and determined that the representations were false. It was no defense for the defendant to say: ''I intended to deceive and defraud you, and have succeeded in my purpose, but it is not my fault that you believed what I said and did not look out for yourself.''

The court refused to instruct the jury, as requested by the defendant, that they should render a verdict of not guilty if they believed from the evidence that between the making

3 Cal. App.—5

of the representations and the payment of the money for the stock Miss Boyle could, with reasonable diligence, have ascertained that the representations were false, and failed to make any investigation of the matter. It instructed them that the rule in a civil action for deceit, under which a prospective purchaser is required to investigate for himself, does not apply in a prosecution for obtaining money under false pretenses, for the reason that in a criminal case the offense is committed against the public and not against the individual, and is prosecuted in the interests of the public and not of the prosecuting witness. The instruction, as well as the refusal to give the instruction requested by the defendant, is in harmony with the principles declared in *People* v. *Martin,* 102 Cal. 538, [36 Pac. 952]; *People* v. *Howard,* 135 Cal. 266, [67 Pac. 148].

The instruction that it was not necessary for the prosecution to prove all of the alleged false representations contained in the information, but that it was sufficient to prove that the defendant made any one of them, and that Miss Boyle relied upon such representation, and was thereby deceived, and parted with her money on the strength thereof, was a correct statement of the law. (1 Bishop's New Criminal Procedure, sec. 434; *People* v. *Gibbs,* 98 Cal. 661, [33 Pac. 630].) The offense charged is the defrauding of another of his money or other property, and proof of any one or more of the false pretenses by which the party was defrauded establishes the offense.

The appellant, however, contends that the court should have included in the above instruction a direction that, in order to convict the defendant, they must also find that he knew that the representations were false, and that he made them with the intent to defraud her. A court is not required in each specific instruction which it may give to a jury to enumerate all of the elements of the crime with which the defendant is charged, but it will be sufficient if it shall appear from the entire charge that the jury were properly and sufficiently instructed. The court had previously instructed the jury that every person who knowingly and designedly defrauds another of money by false or fraudulent pretenses and thereby obtains possession of the money is guilty of the crime of obtaining money under false pretenses; that the defendant herein is charged by the information with the public offense

commonly known as obtaining money under false pretenses; that the burden rests upon the prosecution to establish each element of the offense charged in the information; and that any false pretense sufficient to impose upon the person to whom it was made, if made with intent to cheat and defraud him, if money is obtained thereby from such person, is sufficient to sustain an information for obtaining money under false pretenses. The code requires the court, in charging the jury, to state to them "all matters of law necessary for their information"; and under the above instructions they could not have failed to understand that the intent of the defendant to defraud Kate Boyle of her money was an essential element of the crime with which he was charged and that it must be established by the prosecution. If, in addition to such charge, the defendant had desired to have them instructed upon any particular proposition of law he should have manifested such request to the court. (*People* v. *Byrnes,* 30 Cal. 206; *People* v. *Williams,* 32 Cal. 285.)

The court also gave the following instructions to the jury: "To constitute the offense of obtaining money by false pretenses it is necessary that the particular representation or pretense complained of should have been made to the person alleged to have been defrauded." "A statement by a third party in the presence of the defendant and the prosecuting witness is not itself evidence of the fact related in the statement, but such statement is admissible primarily for the purpose of showing or tending to show the conduct of the defendant at the time of the alleged false representations." The contention of the appellant that these instructions are contradictory is not tenable. The latter instruction had reference to the testimony of Mrs. Allen respecting a statement made by her, in the presence of the defendant and Kate Boyle, that the defendant had made to her the same representation, which is one of those set forth in the information. The conduct of the defendant when the statement was made in his presence would be a "corroborating circumstance" which is authorized to be shown by section 1110 of the Penal Code, and the court stated in the instruction that the statement would not be evidence of the fact so stated.

After the jury retired they came into court and requested certain testimony to be read to them, including that of the defendant. After the reading of the other testimony and

about one-third of that of the defendant had been had, the jury stated that they had heard all the testimony read which they desired to hear, and did not desire the further reading of the defendant's testimony. Thereupon the court permitted them to again retire. The defendant now insists that it was error for the court not to have insisted upon the jury remaining and hearing the whole of his testimony read. There is no merit in this contention. If the jury did not wish to hear it read the court was not required to compel them to listen to it. It may be assumed that the portion of his testimony which they heard included all upon which they desired to have their memory refreshed.

The judgment and order denying a new trial are affirmed.

Cooper, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 6, 1906.