PEOPLE, PLAINTIFF AND APPELLANT, *v.* COLLADO, DEFENDANT AND APPELLEE.

Appeal from the District Court of San Juan in a Prosecution for False Personation.

No. 1870.—Decided March 10, 1922.

FALSE PERSONATION—FALSITY—INTENT.—Falsity is an element of the crime of false personation and the theory that personation can only be done by word of mouth is inadmissible. The wrongful intent may be manifested not only by word of mouth, but also in writing, or by gestures or attitude.

The facts are stated in the opinion.

*Mr. José E. Figueras, Fiscal,* for the appellant.

*Messrs. Guerra-Mondragón & Soldevila* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Enrique Collado was charged with the crime of false personation committed as follows:

"The said Enrique Collado, subsequent to the month of April,

1919, and in the city of San Juan, which forms a part of the judicial district of the same name, knowingly, intentionally and by means of false and fraudulent simulations with the criminal intent to obtain possession and ownership of the sum of $4,439.34 belonging to the American Colonial Bank, a banking institution doing business in San Juan, Porto Rico, which held the said sum on deposit in the name and for the current account of Pedro de Elzaburo, secretary-treasurer of the municipal hospital of Carolina, and with the intent to deceive the said American Colonial Bank and defraud it of the said sum of $4,439.34, falsely and fraudulently pretended and represented to the said American Colonial Bank that certain checks drawn by the said Enrique Collado on the said American Colonial Bank over the signature of Pedro de Elzaburo, secretary-treasurer of the municipal hospital of Carolina, for the total amount of $4,439.34 were good and genuine checks actually drawn and signed by the said Pedro de Elzaburo as secretary-treasurer of the municipal hospital of Carolina, while the said pretense was false and fraudulent, for it was not true that Pedro de Elzaburo had signed or authorized such checks and defendant Enrique Collado then and there knew that such pretense was false and fraudulent and practised by him for the purpose of inducing the American Colonial Bank to pay to him the said sum of $4,439.34; and the said American Colonial Bank, believing the said false pretense to be true and induced solely by it, then and there surrendered its ownership of the said sum of money and delivered it to defendant Enrique Collado.''

The defendant demurred on the ground that the facts alleged in this information did not constitute the crime charged, or any other public offense. The court overruled the demurrer. The case went to trial. The jury found a verdict of ''guilty of false personation and cheats'' and the court set the 17th of September, 1921, for rendering judgment. On that day the defendant repleaded his demurrer and moved the court to set aside the verdict. On October 13, 1921, the court sustained his motion by the following ruling:

''For the reasons stated in its opinion which is made a part of the record the court sustains the motion and consequently holds that

the acts charged do not constitute the crime of false personation and cheats; therefore it sets aside the verdict, quashes the information and orders that notice of this judgment be given to the district attorney for the corresponding purposes.''

The People of Porto Rico, represented by the district attorney, took the present appeal from that judgment in accordance with section 348 of the Code of Criminal Procedure.

We have examined carefully the facts and the law and in our opinion the court erred in acting as it did. The information charges the commission of the crime of false personation, regardless of whether or not it may charge the crime of forgery. According to section 44 of the Penal Code, an act or omission which is made punishable in different ways by different provisions of the Code may be punished under either of such provisions, but in no case can it be punished under more than one; and an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

Deceit is an element of the crime of false personation and the theory that representation can be made only by word of mouth is inadmissible. Representations may be made by attitude, gestures and in writing. Without the necessity of speaking a person may go to a bank and present a false check for collection. His apparent attitude of an honest and truthful person when he is in fact an impostor constitutes false representation. And the false check which appears to be genuine is of itself a false representation committed by means of writing. Therefore, the criminal intent may be manifested by word of mouth, in writing or by gestures and attitude.

Francis Wharton, in his treatise on Criminal Law, expresses himself as follows:

''As the person who advances money or goods on a forged check parts absolutely with the property in the thing passed, it is not larceny but false pretenses so to obtain money or goods.

"Such has been held to be the law in a case where a servant, who had authority to buy goods, and was to be repaid on producing a ticket containing a statement of the purchase, produced such a ticket, and obtained the amount stated therein, no purchase having been in fact made. * * *

"It may happen, however, that where forgery is a felony, and false pretenses a misdemeanor, the latter, when the two coalesce, may merge at common law in the former." 2 Wharton's Criminal Law, p. 1614.

See also the cases of *Lyman* v. *State,* decided by the Court of Appeals of Maryland on February 18, 1920, and reported in 9 A. L. R. 401; *People* v. *Jordán,* 66 Cal. 10, and *State* v. *Kelly,* 202 Pac. 524.

The appeal is sustained, the judgment appealed from reversed and the case will be remanded to the court of its origin for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Justices Wolf, Aldrey and Hutchison concurred.

### ON RECONSIDERATION.

On motion for reconsideration MR. CHIEF JUSTICE DEL TORO, on March 23, 1922, delivered the following opinion of the court:

The defendant-appellant has moved for a reconsideration of the judgment of this court of March 10, 1922, on the ground that the question relating to the evidence was not considered.

This court purposely abstained from referring to the evidence in its opinion because it observed that although the district court reviewed the evidence in its opinion, yet it found that from the opinion of the district court and particularly from the judgment appealed from there appeared to be no doubt that the only question disposed of was the question of law raised by the demurrer. The action of the

court is still more clear when it is considered that its opinion served as a basis for the judgments rendered in two other actions against the defendant for the same offense in which there had been no trials.

By the judgment of this court the judgment appealed from was reversed and the case was remanded for further proceedings; therefore the defendant has every opportunity that the law allows him to ask the district court to rule on any question that may have been left pending or that may now be raised.

Therefore a reconsideration is

*Denied.*

Justices Wolf, Aldrey and Hutchison concurred.