[Crim. No. 4292.  Second Dist., Div. Three.  Mar. 23, 1949.]

THE PEOPLE, Respondent, v. JOHN WALTER BELLEW, Appellant.

Horace H. Appel for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant Bellew was charged jointly with Adam Pfaff and Bob Hano with the offense of grand theft committed in selling two zircons to Walter Chung and Albert Hing for the sum of $600, under representations that they were genuine diamonds and of the value of $1,000. Upon the trial of defendants' case to the court, it was stipulated that the case of the People might be presented in the form of the transcripts of testimony taken in the preliminary hearings of Bellew and Pfaff, and that additional testimony might be introduced. Appellant did not testify at the preliminary hearing but did take the stand upon the trial. He admitted having made the sale but claimed he was selling the stones for Hano, and believed them to be diamonds. He appeals from the judgment of conviction and from an order denying his motion for new trial, urging as the sole ground for reversal

alleged insufficiency of the evidence to establish the crime charged.

■ Evidence was introduced of the following facts: Bellew and Pfaff met a poolroom acquaintance of Pfaff's, one Hano, and through him were introduced to Chung and Hing at the office of Chung, who was the manager of a paper company in Los Angeles. After introducing his friends, Hano departed. Bellew took from his pocket a piece of paper, and from the paper two stones which he exhibited to the proposed purchasers. He stated to them not once, but several times, that the stones were genuine diamonds, without flaws, and were worth $1,000. He asked Chung for some dry ice, stating that when the stones were placed on the ice there would be a buzzing sound which would prove that the stones were real diamonds. No dry ice was available. Appellant invited Chung to have the stones appraised. Chung endeavored to call a jeweler friend for that purpose but was unable to reach him. Appellant insisted that it was necessary for him to make a quick sale of the stones. Chung and Hing did not have $1,000 between them, and appellant asked them how much they did have. They counted their money which amounted to only $565, and appellant finally agreed to sell the stones for $600, $565 to be paid immediately and $35 on the following day. The transaction was closed on this basis and the stones were delivered to Chung, who gave one of them to Hing. The stones were produced at the trial and it was stipulated that they were zircons of the retail value of $40. Both Chung and Hing testified that they had slight knowledge of diamonds and that they parted with their money in reliance upon appellant's representations.

■ The argument advanced on the appeal is that since Chung and Hing inspected the stones before they made the purchase, the trial court should have determined under the doctrine of caveat emptor that they relied entirely upon their own judgment as to the nature of the stones and their value. The rule has, of course, no application to a criminal charge based upon false representation. (*People* v. *Smith*, 3 Cal.App. 62 [84 P. 449]; *People* v. *Cummings*, 123 Cal. 269 [55 P. 898].) ■ The claim that the trial court should have believed appellant rather than his victims does not present a question of law.

The judgment and order denying the motion for new trial are affirmed.

Wood, J., and Vallée, J., concurred.