[Crim. No. 4292.  Second Dist., Div. Three.  Dec. 1, 1950.]

THE PEOPLE, Respondent, v. JOHN W. BELLEW, Petitioner.

John W. Bellew, in pro. per., for Petitioner.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

SHINN, P. J.—Petitioner, John Walter Bellew, was convicted of the crime of grand theft on June 23, 1948; the offense consisted of the sale of zircons under a representation they were diamonds; the judgment was affirmed March 23, 1949 (*People v. Bellew,* 90 Cal.App.2d 801 [203 P.2d 822]).  He seeks to obtain in this proceeding a writ of error *coram nobis* on the following grounds: (1) The waiver of petitioner's right to be confronted by his accusers in open court was obtained through fraud; (2) the suppression of vital evidence prevented petitioner from obtaining a fair trial; (3) the trial court erred in convicting petitioner upon irrelevant, contradictory, and reckless testimony given by a witness for the People; (4) the trial court erred in entertaining an erroneous theory of petitioner's case; (5) the entire testimony taken from the submitted transcripts of the case fails to show the commission of a public

offense; (6) the counsel for petitioner showed gross incompetence and was totally incapable of presenting the petitioner's cause in such way as to secure a fair and impartial judgment.

Petitioner was tried by the court upon a stipulation that the People's case might be presented in the form of transcripts of testimony taken in the preliminary hearings of petitioner and his codefendant and that additional testimony might be introduced. His first ground for the issuance of the writ stems from that stipulation, as does the second ground, which he chooses to call "the suppression of vital evidence." The claim is that the stones which were the subject matter of the accusation were stipulated to be zircons of a certain value, rather than diamonds, and were not put in evidence at the trial. Petitioner's argument is, essentially, that his attorney was not sufficiently interested in his case to put forth his best efforts in the conduct of the trial and the interrogation of the witnesses, and that the evidence was not sufficient to sustain the judgment. ■■ He apparently desires this court to weigh the evidence and decide all conflicts in his favor. That, however, is not the function of this court in considering a petition for a writ of error *coram nobis* and, as we said in *People* v. *Morton, ante,* p. 269 [223 P.2d 259]: "No responsibility rests upon the State to see that an accused receives sound advice from his attorney. The claim of fraud is therefore unfounded. (*People* v. *Gilbert,* 25 Cal.2d 422, 443 [154 P.2d 657]; *People* v. *Kirk,* 98 Cal.App.2d 687, 693 [220 P.2d 976])."

We find it unnecessary to discuss the remaining points raised by petitioner inasmuch as he states no ground upon which the writ may issue. ■ The rule is well settled that in a case like the present one before the writ of *coram nobis* may issue the petitioner must prove that facts existed which could not in the exercise of due diligence have been proved at the trial, and which, if known then, would have precluded the judgment from being entered. (*People* v. *Bronaugh, ante,* p. 220 [223 P.2d 256]; *People* v. *Shorts,* 32 Cal.2d 502-508 [197 P.2d 330]; *People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657].) All of the matters complained of must have been known to petitioner at the time of his trial and should have been raised on his motion for new trial or on the appeal from the judgment, or both.

The writ is denied.

Wood (Parker), J., and Vallée, J., concurred.