[Crim. No. 3100.   Third Dist.   Nov. 7, 1960.]

THE PEOPLE, Respondent, v. RICHARD LE ROY CATHEY, Appellant.

Blaine McGowan for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Nat Agliano, Deputy Attorneys General, for Respondent.

PEEK, J.—By information, defendant was charged in Count One thereof with a violation of section 192 of the Penal Code (negligent homicide), resulting in the death of one Nancy Lee Hurst; and in Count Two thereof with a like vio-

lation resulting in the death of one Ben Anzini. Pursuant to the verdict of the jury, defendant was found guilty on both counts. He now appeals from the judgment of conviction as well as from the denial of his motion for a new trial.

The record, when viewed as we must in the light most favorable to the prosecution, shows that immediately prior to the fatal accident, defendant, in his pickup truck, was driving south on Highway 101 between Myers Flat and Miranda in Humboldt County. Admittedly, from approximately noon until shortly before the accident, defendant had consumed several beers at bars and at the home of friends. With him were two companions, Peter Dean Mosby and Robert Myers. South of Myers Flat the highway descends and curves to the right. At the south end of the curve is a bridge. As defendant's vehicle entered this area its speed was estimated variously from 45 to 80 miles per hour. In attempting to negotiate the curve, defendant drove over the center double line into the north lane of traffic and crashed head-on into the car being driven by Mrs. Hurst. As a result of the collision, she and Anzini were killed instantly and her two children were seriously injured. The force of the collision threw Mosby through the windshield and partially on to the hood of the truck, pinning his hips between the steering wheel and the instrument panel. The defendant was found under the wheel and Myers in the seat next to him. Mosby's face was severely cut and he suffered numerous bone fractures. Defendant was not cut, but suffered a contusion on his chest and a collapsed lung. Myers was not seriously injured.

Both defendant and Mosby were taken to the Garberville Hospital. Although defendant was in shock, he appeared coherent. A Dr. Gerald Phelps, who examined him at approximately 8 o'clock that evening, testified to the extent of defendant's injury and that when he asked defendant if he was the driver of the car the defendant answered "yes." At approximately 8:40 that evening the doctor administered Demerol to the defendant. At 8:30 that evening a blood sample was taken from the defendant's arm. Robert F. Lorenson, a laboratory technician employed at the Humboldt Medical Laboratory, testified that the blood sample showed 1.3 blood alcohol content. Dr. Robert R. Morris, a pathologist, testified that if a blood sample taken at 8:30 produced a 1.3 reading and the last drink taken was at 5:30 p. m., the alcohol content in the blood at 6:45 p. m., when the accident occurred, would have been 1.7, showing defendant to have been intoxicated

at that time. Officer Litty, who investigated the case, testified that he talked with the defendant at the hospital, at which time the defendant appeared conscious, but dazed, and that in answer to his inquiry as to who was the driver of the pickup, the defendant answered that he was. The officer also testified that he again visited the defendant the following morning; that he appeared to be in a good condition, except for complaints of pain; and that when again asked who was driving, defendant stated that he was. Defendant said that he could not remember what happened during the accident and admitted he had been drinking. Ellsworth Mosby, father of one of the occupants in defendant's pickup, testified that he visited defendant and his son at the hospital; that in reply to his question as to who was driving, Peter Dean Mosby replied, "Dick was" and defendant said, "I was"; and that when he further asked defendant if it was the steering wheel that injured him, he said, "Yeah."

Much of the testimony introduced by defendant was in direct conflict to that previously mentioned. That is, at the preliminary hearing, Myers appeared as a witness for the state and testified that Mosby was driving. However, at the trial he testified that when he told the officer that defendant was driving he was in shock and confused. Mosby, when called as a witness by the prosecution at the preliminary, testified that he was sitting on the outside, while at the trial he stated he was in the middle.

■■ Although defendant gives lip service to the oft-repeated rule that this court may not interfere with determinations predicated upon conflicting evidence, he nevertheless contends that the medical testimony and the physical positions of the defendant and his companions do not support the conclusion that the defendant was driving the pickup at the time of the collision. We find no merit in such contention.

The evidence, as previously summarized, amply supports the verdict of the jury. Certainly the force of impact under the circumstances presented in this case could produce many and varied results. Necessarily, such circumstances are for the jury to resolve and their conclusion may not be reversed on appeal. (*People* v. *Leach,* 137 Cal.App. 753 [31 P.2d 449].)

Defendant next contends that the court erred in its instructions to the jury, (1) in that the court failed to give a detailed instruction offered by him on the issue of presumption of innocence, and (2) that the court erred in failing to give the specific instruction offered by him cautioning the jury con-

cerning verbal statements given by an accused. We find no merit in either contention.

■ In regard to the issue of the presumption of innocence, the court gave the standard CALJIC Instruction Number 21, and three additional instructions wherein the same subject was discussed. ■ Regarding the second contention, the record also shows that the court likewise gave an instruction embracing the statutory language of Code of Civil Procedure, section 2061, as well as additional instructions on the same subject. ■ While it is true that the court must instruct the jury fully and fairly upon every material issue in the case, a court is not compelled to give each instruction offered by a party, nor is it compelled to accept the precise language employed by counsel in drafting the instruction, however correct it may be. (*Newton* v. *Thomas,* 137 Cal.App. 2d 748 [291 P.2d 503] ; 53 Am.Jur., Trial, § 529, p. 427.)

■ The defendant's next contention is that the court erred in permitting a prosecution witness to testify without first supplying defendant with a copy of the questions to be asked said witness, as prepared by them, in accordance with the demand thereof. The right of an accused to relevant evidence and competent material in the possession of the prosecution, which tends to throw light on the issues and subject matter of the case being tried in the interest of a fair trial, is well established. (*People* v. *Riser,* 47 Cal.2d 566 [305 P.2d 1].) In the present case, however, there is no evidence of any written or recorded statements of any of the prosecution's witnesses. The only items which defense counsel desired at the trial were the personal notes made by the Assistant District Attorney, which only contained the questions he planned to ask the witness. Certainly notes such as those described are not subject to inspection upon the demand of the defense.

■ The defendant next contends that the court erred in refusing his request to read certain testimony to the jury. The facts show that after retiring for deliberation, the jury returned to the courtroom and requested portions of the testimony of the witness Mandon be read. When asked if it desired all of the testimony, the foreman replied that he would stop the reporter when he had read the portion they desired to hear. Following the reading of the requested testimony, the court asked if there were any further questions, to which the foreman replied there were not. Thereafter, the jury returned to the jury room. The defendant now contends it was error for the court to refuse a reading of the entire testimony

of the witness, including his cross-examination. As noted in the case of *People* v. *Smith*, 3 Cal.App. 62, 68 [84 P. 449], where an identical issue was presented, the court held there was no merit in the contention. "If the jury did not wish to hear it read the court was not required to compel them to listen to it. It may be assumed that the portion of his testimony which they heard included all upon which they desired to have their memory refreshed."

Defendant's final contention is that his motion for a new trial on the grounds of newly discovered evidence should have been granted. In support of said motion, he filed affidavits by Mr. and Mrs. Theodore R. Mulder, who arrived at the scene of the accident immediately following its occurrence. Each affidavit was substantially in accordance with the evidence introduced by the prosecution at the trial, except for one item, the position of Mosby, who, it was averred, was lying face down on the extreme left side of the hood. The third affidavit contained statements by one Barbara Bowers, wherein she declared that Mosby had told her, during a conversation at the cafe where she was employed, that he was the one who was driving the truck and that he and Myers were going to stick together and let Cathey take the blame.

The granting or denial of a motion for a new trial on the ground of newly discovered evidence rests in the sound discretion of the trial court. Although defendant places great stress upon these affidavits in support of his original contention that the physical facts do not support the conclusion of the jury, we find nothing in these affidavits which adds anything to the evidence introduced at the trial or which is inconsistent with the jury's verdict. Absent any further showing on the part of the defendant, we cannot say that the court abused its discretion in denying his motion for a new trial. (*People* v. *Richard*, 101 Cal.App.2d 631 [225 P.2d 938].)

The judgment and order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.