[Crim. No. 8991. Second Dist., Div. Two. Nov. 27, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. TRACY RICHARD GORDON, Defendant and Appellant.

Tracy Richard Gordon, in pro. per., and Rodney E. Nelson, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and David M. Rothman, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Defendant was charged with violating section 11531 of the Health and Safety Code, which makes it illegal to sell, furnish, or give away marijuana. He was found guilty in a jury trial, and he now appeals from the judgment.

Officer Percy H. Thompson of the Los Angeles Police Department was assigned to the Narcotics Division as an undercover agent. At about 2:10 p.m. on the afternoon of August 30, 1962, Officer Thompson saw the defendant walking toward him on Adams Boulevard. As they passed defendant said, "Your face looks familiar. Have I seen you around?" The officer said that he might have, and after a short conversation told the defendant that he was looking for a few "joints" (a term used to describe marijuana cigarettes). Defendant replied that Officer Thompson was talking to the right man, and asked how many he wanted. Officer Thompson told the defendant he wanted ten, and the defendant then instructed the officer to follow him. At the officer's suggestion they got into his car which was parked nearby. Defendant there sold the officer ten cigarettes for $5.00. Defendant also stated that he would give the officer an extra "joint" if he would drive him to Crenshaw and Adams, to which Officer Thompson agreed. Upon arriving at Crenshaw and Adams defendant said, "Give me a dollar for these two, and then the extra joint is for your trouble." Officer Thompson gave him $1.00 and took the three cigarettes. It was established that the cigarettes received by Officer Thompson contained marijuana.

After this first meeting officer Thompson saw defendant several times. On one occasion he met defendant in a bar and loaned him $2.00, and on another he asked defendant to get some more marijuana but was told by defendant that he'd been scared away from his "stash" (a storage place for narcotics). Defendant was arrested by Thompson on November 27, 1962.

Defendant testified that he did not meet Officer Thompson on August 30. According to defendant, Thompson approached him for the first time in a hardware store some time in September and asked defendant if he knew where he could get some "joints," to which defendant replied in the negative. The only other meeting was in a bar some time in October, at which time defendant denies borrowing any money from Thompson. Defendant also denies that he ever gave or sold any marijuana to Officer Thompson.

Defendant raises two contentions on this appeal: (1) that the trial court committed prejudicial error by failing to order the court reporter to read the entire testimony of Officer Thompson when the jury requested the reading of certain contradictions in that testimony; (2) that it was prejudicial

error to instruct the jury that the sale of all narcotics is a crime and that marijuana is a narcotic. We have determined that there is no merit in either argument.

■ With regard to the alleged error in the reading of the testimony, the following took place: After the commencement of deliberations the jury returned and indicated their desire to have certain testimony read to them. In reply to the judge's inquiry the foreman stated, "There was a question brought up on the testimony of Mr. Percy Thompson, that he contradicted from the testimony he gave in the morning." He said they would like to hear "The difference between his testimony and the difference in the afternoon." The court then inquired, "Do you want his direct testimony when he was first brought on or his cross examination or what is it you would like?" The foreman answered, "The reference in part referring to how many times he met the defendant and where he met him." The court then suggested "that you then read the cross examination of the witness Percy Thompson and also the redirect. Is that agreeable?" The foreman answered, "Yes." The court asked again, "Is that what you want?" The foreman again answered, "Yes." The testimony was then read to the jury and they again retired to deliberate.

It is defendant's contention that the whole of Officer Thompson's testimony should have been read to the jury, and that in so doing certain contradictions would be disclosed which were not apparent from a reading of the portions actually selected. It is clear, however, that the jury were satisfied with the part of the testimony which was read. Had they wanted further testimony read to them, or other further clarification, they certainly would have so requested. If the testimony actually read to them did not contain the matters they wished to hear, they surely would have said so. The trial judge does not have to order read any part of the testimony not requested by the jury foreman. (*McGuire* v. *W. A. Thompson Distributing Co.*, 215 Cal.App.2d 356, 365-366 [30 Cal.Rptr. 113].) As was said in *People* v. *Smith*, 3 Cal. App. 62, 68 [84 P. 449], and quoted in *People* v. *Cathey*, 186 Cal.App.2d 217, 222 [8 Cal.Rptr. 694], "If the jury did not wish to hear it read the court was not required to compel them to listen to it. It may be assumed that the portion of his testimony which they heard included all upon which they desired to have their memory refreshed."

■ Defendant also argues that it was prejudicial error

for the trial court to instruct the jury that "Every person who sells, furnishes, or gives away, or offers to sell, furnish, or give away, any narcotic is guilty of a crime. Marijuana is a narcotic." The basis for this contention is that section 11531 of the Health and Safety Code, under which defendant was indicted, makes the sale or gift of marijuana a crime, but makes no mention of "narcotic", a term which defendant argues "carries with it a connotation of serious evil." Defendant points out that marijuana is often distinguished from narcotic drugs because its use does not produce physical dependence upon it. The legislature of this state, however, has declared that marijuana is to be included in the definition of "narcotics" for the purposes of the narcotics laws. (Health & Saf. Code, § 11001.) Since marijuana is a narcotic under our statutes the word "narcotic" as used in the instruction was proper. The instruction, except for the substitution of the word "narcotic" for "marijuana" and the declaration that "marijuana is a narcotic", is basically the wording found in Health and Safety Code section 11531, and was therefore a correct statement of the law under which defendant was charged.

The judgment is affirmed.

Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 19, 1964.