612 P.2d 1200

**STATE of Idaho, Plaintiff-Respondent,**

v.

**John CYSEWSKI, Defendant-Appellant.**

**No. 12976.**

Supreme Court of Idaho.

June 24, 1980.

Stephen B. McCrea, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Boise, William Appleton, County Deputy Prosecuting Atty., Coeur d'Alene, Roy Eiguren, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BISTLINE, Justice.

I.

In October of 1976 a number of cattle wandered onto Cysewski's farm near Rathdrum, Idaho. At trial, Cysewski narrated his attempts to find the owner of the strays, and justified his selling of the cattle, including the clipping of the ear tags, as a desperation attempt to be rid of them. According to Cysewski he located the owners of several of the strays, but several others,

apparently belonging to a neighboring rancher, Gordon Best, remained on the farm. Cysewski made several attempts to locate the true owner of the remaining cattle, including placing a call to the State Brand Inspector, but having no success, he resorted to suit against Best in small claims court for damage done by the strays, and for the cost of feeding them. A trial in small claims court resulted in a judgment against Cysewski, based on a finding that the ownership of the animals had not been established. Cysewski then invited Best to visit his farm to attempt to identify the cattle. Best came that evening, but after being shown the cattle in Cysewski's pens, Best stated that none of them were his.

Cysewski decided to dispose of the cattle in neighboring Spokane, Washington, and did so in January and May, 1977. His own cattle had no ear tags, but some of the strays did. In order to sell at the Spokane market, Cysewski had to sign a document claiming ownership of all the cattle. He clipped the ear tags from any of the strays having ear tags.

After it was discovered that some of the cattle sold by Cysewski had ear tattoos identifying them as belonging to Gordon Best, Cysewski was placed under arrest. At first, Cysewski questioned how the brand inspector could identify Best's cattle. When the tattoos were pointed out, Cysewski acknowledged they were Best's, but claimed the cattle had been abandoned.

## II.

The first issue raised by Cysewski on appeal is the giving of an instruction on general intent, as follows:

"Instruction No. 3:

"To constitute a criminal intent it is not necessary that there should exist an intent to violate the law. Where a person intentionally does that which the law declares to be a crime, he is acting with criminal intent even though he may not know that his act or conduct is unlawful."

Although there are four other instructions which required the jury to find that the defendant sold the cattle with the specific intent to steal them, Cysewski argues that the inclusion of an instruction on general intent was confusing and highly prejudicial. It is conceded, however, that no objection to instruction no. 3 was made at trial,[1] for which reason such assignment is not entitled to consideration on appeal. *State v. Watson*, 99 Idaho 694, 701, 587 P.2d 835 (1978). Although it is urged that the giving of instruction no. 3, even absent any objection, rises to the level of constitutional error, we are not persuaded, see *State v. Griffiths*, 101 Idaho 166, 610 P.2d 522 (1980). Nor is it within the rule of *Smith v. State*, 94 Idaho 469, 491 P.2d 733 (1971), upon which case Cysewski relies, but rather, it is within the rule of *State v. Haggard*, 94 Idaho 249, 253, 486 P.2d 260, 264 (1971); there failure to object to improper cross-examination as to prior felonies was held to preclude consideration on appeal, although the Court did reverse for improper, but unobjected to, cross-examination as to defendant's failure to testify at his preliminary hearing—which obviously was in violation of the constitutional right afforded by the Fifth Amendment to the Constitution of the United States.

## III.

The second assignment of error is that the evidence at trial was insufficient to support the guilty verdict. Cysewski relies principally upon the case of *State v. Erwin*, 98 Idaho 736, 572 P.2d 170 (1977), which presented facts somewhat similar to the present case. There, Erwin, working in the dark with his sons, loaded a number of cattle from his ranch onto a livestock truck and shipped them to market. Some of the cattle actually belonged to a neighboring rancher, but had strayed into Erwin's fields. The jury found Erwin guilty of grand larceny. This Court held that the evidence was insufficient to justify a jury finding beyond

1. Counsel on appeal was not trial counsel.

a reasonable doubt that the cattle had been transported with felonious intent, rather than merely by mistake. In *Erwin* there was no dispute as to the underlying facts. We simply held that the mere suspicion that a criminal intent was harbored by the defendant was insufficient to sustain the conviction where the inference of mistake was equally plausible.

In the instant case, however, there was significant disagreement between the State's and the defendant's accounts of the events leading up to the sale of the cattle. Cysewski testified that when he showed Best the animals in question on the day of the trial in small claims court, Best disclaimed ownership. Best, however, testified that none of the cattle shown to him that night were his. In addition, while Cysewski claimed the cattle in question were in his possession for six months while he was attempting to dispose of them, a neighbor testified that the cattle were grazing on her land as late as March, 1977. Finally, there was testimony that Cysewski initially attempted to dispute the fact of Best's ownership of the cattle, even though he later admitted that the cattle did belong to Best. It is not the function of this Court to weigh such evidence nor to place ourselves in the jury's position. *State v. Warden*, 100 Idaho 21, 592 P.2d 836 (1979). There is substantial and competent evidence from which the jury could have found requisite criminal intent.

The verdict of the jury is affirmed.[2]

DONALDSON, C. J., and SHEPARD, BAKES and McFADDEN, JJ., concur.

---

2. The district court did not enter a judgment of conviction, instead ordering that judgment be withheld and placing the defendant on one year's unsupervised probation.