Opinion
SAETA, J.
Defendant was convicted of engaging in lewd conduct in violation of Penal Code section 647, subdivision (a) on the testimony of *Supp. 4 an officer that he observed defendant masturbating in a public restroom. He attacks the sufficiency of that evidence by attacking the proof on the element of the offense articulated in Pryor v. Municipal Court (1979) 25 Cal.3d 238 [158 Cal.Rptr. 330, 599 P.2d 636] that a defendant must know or reasonably should know that another person is present who may be offended by his lewd acts. He highlights the evidence that the officer, although offended, tried to give the appearance that he was not offended by defendant’s act. Defendant also recounts the evidence that this was an experienced vice officer, ostensibly hardened to conduct such as defendant’s and that defendant took some care to hide his activities from the other persons who entered the restroom while the officer was observing him.
However, there was other evidence which is sufficient to support the jury’s verdict. The officer testified that defendant started masturbating shortly after entering the restroom and before any conversation with the officer other than a salutation. It can reasonably be inferred from this evidence that defendant’s acts were performed before he could reasonably have observed that the officer was not likely to be offended by his conduct. Given the different reasonable inferences that can be drawn from the evidence, and viewing the whole record in the light most favorable to the judgment, we hold that the jury as the trier of fact had before it sufficient substantial evidence—that is evidence which is reasonable, credible and of solid value—that it could find the defendant guilty beyond a reasonable doubt. (People v. Johnson (1980) 26 Cal.3d 557, 562 [162 Cal.Rptr. 431, 606 P.2d 738].)[1]
Defendant raises what he believes are several instructional errors, again centered on the element of the presence of one to be offended. Besides giving the standard instruction (CALJIC No. 16.000/XI) that the People must prove all elements of the offense beyond a reasonable doubt, the court also instructed as follows:
“An act committed or an omission made under an ignorance or mistake of fact which disproves any criminal intent is not a crime.
*Supp. 5 “Thus a person is not guilty of a crime if he commits an act or omits to act under an honest and reasonable belief in the existence of certain facts and circumstances which, if true, would make such act or omission lawful.” (CALJIC No. 4.35.)
“Every person is guilty of violating Penal Code, section 647(a), a misdemeanor, who:
“1) With the specific intent to sexually arouse, gratify, annoy or offend,
“2) engages in conduct which involves the touching of the genitals, in any public place, or place open to the public or exposed to public view, and
“3) Knows or should know that there is present a person who may be offended by such conduct.” (CALJIC No. 16.400 (1980 revision).)
“If you find that there was a single onlooker to the alleged sexual conduct, you must then determine whether the defendant knew or should have known that the onlooker might have been offended by the conduct.
“In making such a determination, you may consider the following factors, and each of these factors, either alone or collectively, if found to be true, may give rise to a reasonable doubt as to whether a crime was committed:
“1) whether the onlooker acted in a sexually suggestive manner,
“2) whether the onlooker went out of his way to view the conduct,
“3) whether it reasonably appeared to the defendant that the onlooker was pursuing him or was otherwise interested in observing or participating in some sexual activity.” (Defendant’s No. 5)
Defendant claims that his proposed instruction No. 7 should have been given, as follows: “If you find that the officer was actually offended by the conduct of the defendant, but that he acted in a way so as to reasonably appear to the defendant that he would not be offended, then you must find the defendant not guilty.” It is true, as defendant claims, relying on People v. Sears (1970) 2 Cal.3d 180, 190 [84 *Supp. 6 Cal.Rptr. 711, 465 P.2d 847], that the court must instruct on defendant’s theory of the case, but it is also true that duplicative instructions need not be given and the court is not required to give each instruction offered by the parties, even if such instructions are correct statements -of the law, if it otherwise instructs fully and fairly on each material issue. (People v. Cathey (1960) 186 Cal.App.2d 217, 221 [8 Cal.Rptr. 694].) In our view, the instructions given, especially defendant’s No. 5, correctly instructed the jury and focused its attention on the defendant’s theory that there was no one to be offended by his conduct in the restroom. The People, having the burden of proof under CALJIC Nos. 16.400 and 16.000/14 of proving that someone may be offended, and the court highlighting the factors which the jury could consider in deciding if it was reasonable that the defendant should know that the officer may be offended, the court fully and fairly instructed the jury on this element of the offense.
Similarly, defendant complains of the court’s refusal to give defendant’s proposed instruction Ño. 6 as follows: “It is not the burden of the defendant to prove that he was reasonable in believing that there was no onlooker present who might have been offended. It is the burden of the prosecution to prove beyond a reasonable doubt that there was an onlooker and to prove beyond a reasonable doubt that the defendant knew or should have known that the onlooker might be offended.” This proposed instruction adds .nothing to those given by the court. (People v. Cathey, supra, 186 Cal.App.2d 217.)
Defendant also contends that the verdict form signed by the jury foreman was deficient. That form reads as follows:

*Supp. 7 Relying on People v. Small (1905) 1 Cal.App. 320 [82 P. 87], which in turn relies on People v. Tilley (1901) 135 Cal.61 [67 P. 42], defendant asserts that the handwritten portions omit the element of the offense of the offended person present. Tilley is not persuasive for two reasons: (1) it has been distinguished many times so that its authority is not great (People v. Bratis (1977) 73 Cal.App.3d 751, 763 [141 Cal.Rptr. 45]); and (2) the verdict form in Tilley did not contain the phrase, as our form does, “of the offense charged.” It is sufficient if the verdict makes reference to the complaint as our verdict does. (People v. Reddick (1959) 176 Cal.App.2d 806, 820-821 [1 Cal.Rptr. 767].) The handwritten portions of the verdict can be ignored as surplusage. We are not persuaded on the record presented in this case that the jury, not having been given the written jury instructions in the jury room, was confused by the verdict form. Although allowing the jury to read the instructions is a commendable practice, it is not yet required by law. We cannot say that the verdict form confused the jury as we assume that the jury followed the instructions on “presence of one to be offended” given orally by the judge.
The judgment is affirmed.
Bigelow, Acting P. J., concurred.

 Under a fact situation different than presented by our record, i.e., one where a defendant observes the other persons present and as a reasonable person believed that no one present could be offended by his conduct, this element of Pryor, supra, 25 Cal.3d 238, may not be proved beyond a reasonable doubt. For example, if the only occupant of the restroom is a vice officer who initiates lewd conduct, a defendant may convince a jury that his responding lewd acts could not have offended the officer.