630 P.2d 141

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Ezequiel HERNANDEZ,**
**Defendant-Appellant.**

**No. 13283.**

Supreme Court of Idaho.

June 10, 1981.

time provided for in subsection (2) shall be guilty of a misdemeanor." I.C. § 23–1012 (as amended 1978 Idaho Sess. Laws, ch. 39, § 1, p. 68).

Gregg Earl Lovan, Caldwell, for defendant-appellant.

David H. Leroy, Atty. Gen., Steven M. Parry, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a conviction of assault with a deadly weapon entered following a jury verdict. Defendant-appellant Hernandez was thereafter sentenced to a three year determinate sentence. The sole issue on appeal is appellant's assertion that the trial judge improperly communicated with the jury during its deliberation and improperly denied a jury request. We disagree and affirm the conviction.

During jury deliberations one juror sent a note to the trial judge which stated: "Would you please supply the jury with a transcript of the trial?" The trial judge conferred with both the prosecutor and defense counsel and with their approval sent a handwritten response to the jury which stated:

"A transcript of the trial could not be prepared for several days so it is not possible. If you need some specific area in dispute clarified it is possible to have the court reporter read it back orally. The court is reluctant to emphasize any portion of the trial by re-reading that part only *unless* it is necessary."

Although appellant argues that the foregoing procedure violated I.C. § 19–2204, we disagree. I.C. § 19–2204 provides:

"After the jury have retired for deliberation, if there is any disagreement between them as to the testimony, * * * they must require the officer to conduct them into court. Upon being brought into court, the information required must be given in the presence of, or after notice to, the prosecuting attorney and the defendant or his counsel, or after they have been called."

■ The response of the trial judge to the jury inquiry clearly indicated the opportunity for the jury to have testimony read to them and the intention of the trial judge to, if necessary, conform with I.C. § 19–2204. Such procedure was equally clearly an attempt by the trial judge to pinpoint and clarify any specific area of the testimony in dispute. *See People v. Gordon*, 222 Cal.App.2d 687, 35 Cal.Rptr. 335 (1963); *People v. Sprinkle*, 201 Cal.App.2d 277, 19 Cal.Rptr. 804 (1962). *See also People v. Anjell*, 100 Cal.App.3d 189, 160 Cal.Rptr. 669 (1979); *People v. Stafford*, 29 Cal. App.3d 940, 106 Cal.Rptr. 72 (1973).

■ The appellant asserts that the trial court erred in failing to call the jury into open court rather than engage in the written procedure utilized by the trial court. *Rueth v. State*, 100 Idaho 203, 596 P.2d 75 (1978); *but see State v. Randolph*, 102 Idaho 153, 627 P.2d 782 (1981). Here, if error there was, it was invited. Both counsel conferred with the trial judge regarding the jury's request and failed to object thereto. *See State v. Cysewski*, 101 Idaho 353, 612 P.2d 1200 (1980); *State v. Griffiths*, 101 Idaho 163, 166, 610 P.2d 522 (1980); *State v. Watson*, 99 Idaho 694, 587 P.2d 835 (1978). We hold that any error, if such there was, was waived.

Affirmed.

BISTLINE, Justice, specially concurring.

I concur, but would hold outright that there was error. The note from the jury was sufficient to activate the mechanics of I.C. § 19–2204. With counsel and the court present the disagreement of the jury, *if any*, could have been ascertained and the jury further enlightened as indicated—depending upon what the jurors informed the court.[1] It is important, in fact critical, that a jury not be in disagreement as to what facts have been established in carrying out their function of determining guilt or innocence.

1. The appeal record shows that another note requesting information was sent from the jury room to the trial judge. The district court minutes reflect that the trial judge did in this instance comply with I.C. § 19–2204:

"Having forwarded to the Court a written question, the jury was brought into Court at 2:02 P.M., each of counsel and the defendant being present. The Court explained to the jurors that the question they had asked was a factual determination solely within their province so that the Court cannot answer the question for them and, at 2:04 P.M., the jury retired to deliberate further; and the Court handed the note written to the Court to the Clerk to be made a part of the record."

The Court's opinion errs in giving no consideration to two cases from California, in which jurisdiction there is a statute substantially the same as our I.C. § 19–2204, and which is identical to the portion quoted in the Court's opinion. Under that California statute, enacted in 1872, Cal.Penal Code § 1138, it has been recognized in that jurisdiction that a *right* is thus established in the jury that it is entitled to the statutory provisions herein question, and in fact that right has been designated as being "the primary concern of the statute." *People v. Butler,* 47 Cal.App.3d 273, 120 Cal.Rptr. 647, 653 (1975). *Accord People v. Litteral,* 79 Cal.App.3d 790, 145 Cal.Rptr. 186 (1978). To send a man to prison is an awesome responsibility, and certainly one which no conscientious juror will indulge in without being satisfied as to the facts and circumstances of the case submitted to him and his fellow jurors.[2] Out of this case there should come, at the very least, a direction to district courts that juries always be instructed as to the jury's rights under I.C. § 19–2204. The Court today is remiss in not doing so.

The error, of course, was participated in by counsel for both parties—which is not to say that it was an exercise of poor judgment on the part of either. The cause had been submitted to the jury, and the jury had it under consideration for some time before expressing a desire to study the testimony of the witnesses, but making a blanket request rather than specifically asking for testimony of any particular witness or witnesses. At that stage one may surmise that each attorney may have had in mind that there was testimony favoring the other party, the reemphasizing of which was strategically undesirable.

---

2. This Court has been very exacting of district courts that pleas of guilty by a defendant must be fortified by a rather lengthy litany, the purpose of which is to establish that the defendant is intelligently and knowingly waiving certain constitutional rights and also to establish the facts which go to establish that which he did. It would seem to be a strange anomaly of law if jurors are denied the opportunity of rehearing testimony from which they are required to glean the actual existing facts.