698 P.2d 377

**Kelly VERWAY, Anthony Koren, Clay Myers, Bryan Attwell, and Michael Dingman, Plaintiffs-Respondents,**

v.

**BLINCOE PACKING COMPANY, INC., an Idaho corporation, Defendant-Appellant.**

**Scott TAYLOR, Plaintiff-Respondent,**

v.

**BLINCOE PACKING COMPANY, INC., an Idaho corporation, Defendant-Appellant.**

No. 15189.

Court of Appeals of Idaho.

April 18, 1985.

Roger D. Ling, of Ling, Nielsen & Robinson, Rupert, for defendant-appellant.

Kenneth L. Pedersen, of Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, for plaintiffs-respondents.

Before DONALDSON, Acting C.J., and McFADDEN and OLIVER, Acting JJ., Special Panel.

THE PREVIOUS OPINION ISSUED APRIL 8, 1985, IS HEREBY WITHDRAWN AND THIS OPINION IS SUBSTITUTED THEREFOR.

DONALDSON, Acting Chief Justice.

Blincoe Packing Company, Inc. operates a meat packing plant near Gooding, Idaho. At 12:00 p.m., November 1, 1981, Blincoe's union employees went on strike and set up pickets outside the plant entrance. Blincoe's management determined that in order to remain in operation during the strike, they would have to hire new employees, in addition to utilizing supervisory personnel on the kill floor. The respondents were hired between November 4 and 6.

Each of the respondents testified at trial that he was promised that he would not be fired in the event the strike was settled. The strike was settled on either November 12 or November 13. The respondents, with the exception of Scott Taylor, who worked

one additional day, were laid off at the end of their shift on November 12.

The respondents filed an action in district court seeking general and punitive damages for wrongful discharge against Blincoe. The case was tried to a jury which returned a special verdict awarding each of the respondents $612.00 in compensatory damages and $388.00 in punitive damages for a total judgment of $6,000.00, additionally the court awarded respondent $6,000.00 in attorney fees.

On appeal, Blincoe asserts that the trial court erred in the following respects: (1) in failing to grant its motion for directed verdict; (2) in sustaining respondents' objection to certain questions Blincoe attempted to ask its witnesses; (3) in instructing the jury; (4) in awarding respondents attorney fees. We will discuss each issue in turn.

## I.

Blincoe asserts that the trial court erred in denying its motion for directed verdict at the close of respondents' case in chief. It contends that the evidence was insufficient to show respondents' employment was conditioned on their not being fired in the event the strike was terminated, and that, even if their employment was so conditioned, there was no evidence that respondents were in fact terminated because the strike was settled.

On a motion for directed verdict, pursuant to I.R.C.P. 50(a), the moving party admits the truth of the adverse evidence and every legitimate inference that can be drawn therefrom. *Barlow v. International Harvester Company*, 95 Idaho 881, 522 P.2d 1102 (1974). The evidence at trial established that Blincoe advertised for permanent employees and that respondents applied for work in response to that ad. Each respondent testified that he was told the strike had nothing to do with his employment, that he would not be terminated in the event it was settled and that he was seeking permanent employment and would not have accepted work with Blincoe absent such assurances. This testimony was uncontradicted. The strike was ultimately settled some time on November 12 or 13. Respondents were laid off on November 12. The above evidence, viewed in the light most favorable to respondents, was clearly sufficient to justify sending the case to the jury and we find no error.

Blincoe also requested a directed verdict on the issue of punitive damages asserting that there was no evidence of any bad faith in its decision to lay off respondents. As our Supreme Court stated in *Cheney v. Palos Verdes Inv. Corp.*, 104 Idaho 897, 904, 665 P.2d 661, 668 (1983), "punitive damage awards are in the first instance a jury decision, subject to the trial court's authority to modify or overturn that jury verdict as a matter of law." However, punitive damages are not favored in the law and an award of punitive damages will be sustained on appeal only when the defendant's conduct evidences an extreme deviation from reasonable standards. Further, the defendant must be shown to have acted with an extremely harmful state of mind. *Id.* at 905, 665 P.2d at 669.

Under the facts of the present case, the trial court did not err in refusing to direct a verdict on the issue of punitive damages. The record reflects sufficient evidence to raise a factual question as to Blincoe's fraudulent intent and as to whether an award of punitive damages would serve as a deterrent to similar future conduct. The jury could have concluded that Blincoe fraudulently misrepresented to respondents that they would have permanent positions, thereby inducing some of them to quit their jobs, intending all along to use them only as strike breakers and to terminate their positions when the strike was settled.

## II.

Blincoe's next allegation of error is that it was not allowed to question one of its witnesses as to whether management and union officials discussed the new employees during the strike negotiations. Assuming, without deciding, that the court

erred in sustaining the objections, we conclude that such error was harmless. The witness was later allowed to testify that management did not decide to terminate the respondents as a result of any conditions imposed by the strike negotiations. In addition, a union representative called to testify at trial stated that the issue of whether the new employees should be dismissed was not discussed in the strike negotiations. Similarly, Monty Baker, Blincoe's General Manager, testified that it was not a condition of the strike that the union employees be brought back to work ahead of any of the new employees.

### III.

Blincoe next asserts that the trial judge erred in instructing the jury. It objects to Instructions 7, 8, 10 and 12, and to the court's refusal to give Blincoe's proposed Instructions 13 and 14. We have examined the jury instructions and find them to be without error. As to Blincoe's proposed Instructions 13 and 14, they presented an incorrect statement of the law and were properly refused.

Blincoe also asserts that the trial judge erred in dealing with the jury's request for additional instruction. During the course of their deliberations the jury sent a note to the trial judge asking the following question:

"Your Honor, do we have to decide if their termination was as a result of the settlement of the strike, or could it be in anticipation of the settlement of the strike?"

The judge allowed the attorneys for each side to comment on the record and then sent a written response instructing the jury that they had to determine for themselves what "as a result of the settlement of the strike" meant. Blincoe asserts that the trial judge erred, first, in the procedure he followed in accepting the note and instructing the jury, and, second, in allowing the jury to place its own interpretation on an unambiguous instruction. Blincoe contends that pursuant to I.R.C.P. 51(b), the request for further instruction and the answer thereto should have been communicated in open court. I.R.C.P. 51(b) provides in pertinent part:

"Any request by the jury to be further informed of any point of law arising in the action shall be communicated in open court, at which time the attorneys for the parties shall be given the opportunity to be present, and the court in its discretion may further instruct the jury or explain the instructions in open court which shall be made part of the record."

■ The court and counsel conferred on the record regarding the jury's request for further instruction. Both sides were given the opportunity to make their views known and neither side objected to the procedure utilized. We conclude that if there was any error in the procedure followed by the trial judge, it was waived. *See State v. Hernandez*, 102 Idaho 349, 630 P.2d 141 (1981).

■ Blincoe contends that the trial judge erred in instructing the jurors that it was up to them to discern the meaning of the phrase "as a result of the settlement of the strike." It argues that the phrase was unambiguous and that the jury should have been so instructed. When asked for their comments on the jury's request for further instructions, counsel for respondent requested that the jury be instructed that a firing in anticipation of settlement of the strike was the same as a firing as a result of the settlement of the strike. Blincoe's counsel, on the other hand, stated "we think the only way it can be handled is to advise the jury that they must resolve the matter with the instructions as they have been given to them in the meaning of the words." The trial judge appeared to adopt Blincoe's position instructing the jury to determine for itself what "as a result of settlement of the strike" meant. Blincoe now asserts that the instruction, although substantially in accord with its own request, was erroneous. Where the trial court in essence gave Blincoe's requested instruction, Blincoe will not now be heard to object to the giving of that instruction.

## IV.

Blincoe's final assertion is that the trial court erred in awarding respondent attorney fees at trial. I.R.C.P. 54(e)(1) provides that the trial court may award attorney fees to the prevailing party in a civil action where it finds "that the case was brought, pursued or defended frivolously, unreasonably or without foundation ...." I.R.C.P. 54(e)(2) requires the trial judge to make written findings stating the basis and the reasons for such an award.

In the present case the trial judge found that Blincoe's conduct in discharging the respondent was "in extreme deviation of reasonable standards of behavior ...." The judge appeared to base his decision to award attorney fees on that finding. However, the fact that the defendant may have acted unreasonably in discharging the respondents is not a proper basis for an award of attorney fees under I.R.C.P. 54(e)(1). Attorney fees are properly awarded where a case is *defended* unreasonably. If the defense was reasonable, the fact that the conduct which brought about the law suit in the first place may have been unreasonable is irrelevant to the decision whether to award attorney fees.

Respondents initiated this action seeking damages in excess of $30,000. The jury ultimately returned a judgment of only $6,000. Respondent's counsel admitted at oral argument that there was substantial evidence in the record to support Blincoe's assertion that it terminated the respondents solely for economic reasons. Under these circumstances, it cannot be said that Blincoe defended this case "frivolously, unreasonably or without foundation."

The award of attorney fees is reversed.

The decision of the district court is affirmed in all other respects.

Costs to respondent.

No attorney fees on appeal.

McFADDEN and OLIVER, Acting JJ., concur.