[No. B207048. Second Dist., Div. Five. Mar. 10, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
RAMON DOMINGO CAMACHO, Defendant and Appellant.

## COUNSEL

Jonathan B. Steiner and Ann Krausz, under appointments by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, James William Bilderback II and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KRIEGLER, J.**—A verdict form provided to the jury on a charge of robbery mistakenly identified the offense as carjacking. The mistake went unnoticed when the guilty verdict was read and the jury polled, and judgment was imposed as though the jury had returned a verdict of guilty of robbery. Because every stage of this case identified the offense as robbery—the charging document, the opening statement, arguments of counsel, and the jury instructions—we hold the jury's intent to convict on robbery was unmistakably clear. The clerical error in the verdict form does not affect the validity of the verdict.

## PROCEDURAL HISTORY

Defendant Ramon Domingo Camacho was charged in counts 1 and 3 with carjacking (Pen. Code, § 215, subd. (a)),[1] and in counts 2 and 4 with second degree robbery (§ 211). Shantal Morris was the alleged victim in counts 1 and 2; her sister, Trechell Patton, was the alleged victim in counts 3 and 4. The jury returned guilty verdicts on all counts, with the verdict form in count 2 mistakenly describing the offense as carjacking instead of second degree robbery. The jury found that defendant personally used a knife within the meaning of section 12022, subdivision (b)(1), in the commission of the offenses in counts 3 and 4. Defendant was sentenced to 11 years eight months in state prison on the carjacking charges and the weapon enhancement. The sentences on the robbery charges in counts 2 and 4 were stayed pursuant to section 654.

In this timely appeal, defendant contends the conviction in count 2 violated due process and the constitutional protection against double jeopardy because he was twice found guilty of the same carjacking offense. Respondent contends the sentence should be modified to include an additional $92 in mandatory fines and fees. We conclude no constitutional violation occurred. We further conclude the trial court erroneously failed to order court security fees on each count as required by section 1465.8, subdivision (a)(1), and modify the judgment to reflect an additional $60 in court security fees. In all other respects, the judgment is affirmed.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

## STATEMENT OF FACTS[2]

On January 1, 2007, Patton was waiting in Morris's car while Morris was on an errand. Defendant entered the car on the driver's side, holding a knife. Afraid for her safety, Patton stepped out of the car, gave defendant the car keys, and notified her sister. After a brief struggle with Morris, defendant and two associates drove away in Morris's car with Patton's and Morris's belongings in it.[3] Patton called 911. Shortly thereafter, the police apprehended defendant and his two associates in possession of Morris's car.

## DISCUSSION

### I. *Conviction in Count 2*

The guilty verdict form on count 2 stated the jury found defendant "guilty of the crime, **CARJACKING,** in violation of Penal Code Section 215(a), a Felony, as charged in Count 2 of the Complaint [*sic*]." It went unnoticed that the offense in count 2 was described as carjacking instead of second degree robbery when the verdicts were read aloud and the jury was polled. Defendant contends that as a result of the mistake in the verdict form, he was twice convicted of the carjacking of Morris, in violation of double jeopardy and due process. We reject the premise of the contention. Viewing the record as a whole, we conclude the jury's unmistakable intent was to convict defendant of robbery, as charged in count 2, and the clerical error in the verdict form was surplusage that may be disregarded.

▆▆ " ' "A verdict is to be given a reasonable intendment and be construed in light of the issues submitted to the jury and the instructions of the court." [Citations.]' [Citations.] 'The form of a verdict is immaterial provided the intention to convict of the crime charged is unmistakably expressed. [Citation.]' [Citation.]" (*People v. Jones* (1997) 58 Cal.App.4th 693, 710 [68 Cal.Rptr.2d 506].) "[T]echnical defects in a verdict may be disregarded if the jury's intent to convict of a specified offense within the charges is unmistakably clear, and the accused's substantial rights suffered no prejudice.

---

[2] As this appeal presents no issue of sufficiency of the evidence to support the convictions of two counts of robbery and two counts of carjacking, we briefly state the facts in the light most favorable to the judgment.

[3] Morris's belongings included her purse and her daughter's car seat. Patton's belongings were a CD (compact disc) case and a bag containing personal items.

(§§ 1258, 1404;[4] . . . .)" (*People v. Webster* (1991) 54 Cal.3d 411, 447 [285 Cal.Rptr. 31, 814 P.2d 1273], fn. omitted; see also Cal. Const., art. VI, § 13.) " 'There are innumerable authorities which declare that the form of the verdict is immaterial if the intention to convict of the crime charged is unmistakably expressed. [Citations.]' [Citations.] [¶] In *People v. Reddick* [(1959) 176 Cal.App.2d 806 [1 Cal.Rptr. 767]], the court stated: 'No particular form of verdict is required, so long as it clearly indicates the intention of the jury to find the defendant guilty of the offense with which he is charged. It is sufficient if it finds him guilty by reference to a specific count contained in the information. [Citations.]' ([*Id.* at p. 821].)" (*People v. Bratis* (1977) 73 Cal.App.3d 751, 763–764 [141 Cal.Rptr. 45]; accord, *People v. Escarcega* (1969) 273 Cal.App.2d 853, 858 [78 Cal.Rptr. 785] ["In giving effect to the manifest intention of the jury, the clerical error will be disregarded."].) Where the error is in the recording of the judgment, as opposed to in the rendering of the judgment, it is clerical error which may be disregarded or corrected. (See *People v. Trotter* (1992) 7 Cal.App.4th 363, 370 [8 Cal.Rptr.2d 648].)

We have no difficulty in determining the jury intended to find defendant guilty of second degree robbery of Morris as charged in count 2. This case was tried from start to finish with the understanding defendant was charged with two counts of carjacking and two counts of second degree robbery. Prior to jury selection, the trial court indicated its intent "to read the information verbatim" and there is no indication the trial court failed to do so.[5] In his opening statement, the prosecutor informed the jury he would be seeking guilty verdicts for carjacking and robbery of both victims. The jury instruction on intent referred to "Robbery, as charged in Counts Two and Four" and "Carjacking as charged in Counts One and Three." The instruction on the elements of the charged offenses indicated "defendant is charged in Counts Two and Four" with robbery, and he was "charged in Counts One and Three" with carjacking.

In argument to the jury, the prosecutor stated, "I'm going to start with carjacking which is counts 1 and 3 . . . ." At the end of the opening argument

---

[4] Section 1258 provides that the Court of Appeal "must give judgment without regard to technical errors or defects, or to exceptions, which do not affect the substantial rights of the parties." Section 1404 provides: "Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

[5] The voir dire was not transcribed and is not part of the record on appeal.

the prosecutor requested guilty verdicts "for two counts of carjacking, two counts of robbery and a finding the special allegation is true." Defense counsel made it clear that defendant was charged, as to each sister, with one count of carjacking and robbery.

The defense sentencing memorandum repeatedly refers to the charge in count two as robbery. The prosecution sentencing memorandum also indicates a repeated understanding that defendant was convicted of robbery in count 2. For purposes of sentencing, neither the parties nor the trial court treated the conviction in count 2 as a conviction of the crime of carjacking; instead, defendant was sentenced for robbery in count 2. (See *People v. Escarcega, supra*, 273 Cal.App.2d at p. 858 ["Counsel for defendant apparently understood what was intended by the verdict since no objection was then made to the form of the verdict."].)

■ In *People v. Escarcega, supra*, 273 Cal.App.2d at pages 857–858, the jury verdict form contained the wrong Penal Code reference but the jury was instructed on the correct offense. In *People v. Reed* (1980) 114 Cal.App.3d Supp. 1, 6–7 [170 Cal.Rptr. 770], the verdict form insufficiently described the elements of the offense but referred to guilt "of the offense charged." In *People v. Reddick, supra*, 176 Cal.App.2d at pages 819–821, the verdict form contained the wrong Penal Code section but included the phrase " 'as charged in count 1 of the information.' " In *People v. Trotter, supra*, 7 Cal.App.4th at page 370, the "incorrect wording [of the enhancement] was found in a preprinted verdict form given to the jury after they were properly instructed as to use. The error in the form was inadvertent, not advertent. [Citation.] The jury filled in the form as they were instructed to do . . . ." In each of these cases, the reviewing courts gave effect to the manifest intention of the jury by disregarding the errors and surplusage. (*People v. Escarcega, supra*, at p. 858; *People v. Reed, supra*, at p. Supp. 7; *People v. Reddick, supra*, at pp. 820–821; *People v. Trotter, supra*, at pp. 369–370.) The same should be done here. The information correctly charged the offense of second degree robbery in count two, the trial court instructed the jury on robbery in count two, the parties' arguments conformed to the information and instructions, and the jury found defendant guilty "as charged in count 2." It is evident that the reference to carjacking is a clerical error and the jury convicted defendant of second degree robbery.

*People v. Soto* (1985) 166 Cal.App.3d 428, 433, 435–438 [212 Cal.Rptr. 425], relied upon by defendant, does not compel a different result. In *Soto*, the jury returned a verdict form finding the defendant not guilty of murder, but also fixing the offense as second degree murder with a further finding the defendant was armed in the commission of the murder. The jury was discharged before the conflicts in the verdict were resolved. The following day, the jury was reimpaneled to resolve the inconsistency, and the jury returned a verdict of guilty of second degree murder. On appeal, the court in *Soto* reversed the judgment, holding the trial court had no authority to reimpanel the jury after it had been formally discharged and left the courtroom, and the original verdict constituted a general verdict of not guilty. (*Id.* at pp. 434–440.) The court concluded that "because the verdict form expressly found appellant 'not guilty' of murder and did not expressly find him 'guilty' of second degree murder, we may not construe the verdict to find appellant guilty of second degree murder. To do this would be an impermissible alteration of a verdict contrary to the defendant's right to an unequivocal verdict on the question of his guilt."[6] (166 Cal.App.3d at p. 438.) *Soto* distinguished cases in which uncertain verdicts were sustained where the jury's intention was clearly manifested and there was not an explicit acquittal of the charge. (*Id.* at p. 437.)

Unlike the circumstances in *Soto*, there is no uncertainty in the record on appeal as to the charge in count 2. The verdict finding defendant guilty in count 2 cannot be construed as an express acquittal of robbery in the face of a record unambiguously demonstrating the charge in count 2 was robbery and not carjacking. As defendant was not convicted in count 2 of carjacking, there was no violation of double jeopardy and due process.

## II. *Fees*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[6] See section 1151, which provides: "A general verdict upon a plea of not guilty is either 'guilty' or 'not guilty,' which imports a conviction or acquittal of the offense charged in the accusatory pleading. . . ." "Since the jury explicitly found appellant not guilty [of] murder, he is entitled to the entry of a judgment of acquittal of the offense of murder." (*People v. Soto, supra*, 166 Cal.App.3d at p. 436.)

[*] See footnote, *ante*, page 1269.

## DISPOSITION

The judgment is corrected to impose a $20 court security fee on each count of conviction pursuant to section 1465.8, subdivision (a)(1). The clerk of the superior court is to forward a copy of the amended abstract of judgment and minute order to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

Turner, P. J., and Mosk, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 10, 2009, S171982.