Filed 11/27/13  P. v. Dorr CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

**(Yolo)**

----

| | |
|---|---|
| THE PEOPLE, | C072215 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF 11-3591) |
| v. | |
| RONALD JACK DORR, | |
| Defendant and Appellant. | |

A jury found defendant Ronald Jack Dorr guilty of one count of offering to sell a controlled substance (the parties stipulating that he had oxycodone in his possession). As instructed, the jury did not return a verdict on the alternate count that charged him with the lesser offense of possessing a controlled substance for sale.  The trial court dismissed the second count sua sponte.  It then sustained a recidivist allegation.  (The court also found defendant in violation of probation in a different case that is not part of this appeal.)  It sentenced him to state prison for eight years.

1

On appeal, defendant argues the inclusion of the wrong statutory reference in the verdict form made it fatally ambiguous, requiring reversal of the judgment. Rejecting this argument, we shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Our resolution of defendant's argument does not implicate the facts underlying his conviction. We therefore omit them.

The information charged defendant with offering to sell oxycodone *and* Oxycontin (we note the latter is simply a brand name of the former) in violation of Health and Safety Code section 11352, subdivision (a)[1] and possessing it for sale in violation of section 11351. The court clerk read the information to the jury at the outset of the trial. The written instructions correctly defined the elements of the two offenses, including the correct code section for each (along with code sections for other offenses that the pattern instructions embrace). The trial court did not make any reference to code sections in reading these instructions to the jury. As noted above, the court instructed the jury that count two (possession for sale) was a lesser included offense of count one (offering to sell), and it could return a verdict on count two only if it found that defendant was not guilty of count one; if the jury found unanimously that defendant was guilty of count one, it could not return a verdict on count two. The prosecutor highlighted the distinction between the offenses charged in the two counts without any reference to the code sections, emphasizing the presence of evidence of an attempt to sell. The verdicts correctly described the conduct involved in each offense and the count in the information to which it related, but transposed the code references: They included section 11351 in the verdict form for count one (offering to sell), and section 11352 in the verdict form in count two (possessing for sale).

---

[1] Undesignated statutory references are to the Health and Safety Code.

# DISCUSSION

Defendant asserts the error in the guilty verdict rendered it "ambiguous." He contends this is a "structural" error that requires reversal per se, though he does not provide any authority to this effect in the context of erroneous statutory references in a verdict form. He also asserts "the blame lies with the prosecution, [which] must therefore bear the consequence," though he fails to spell out exactly *what* consequence the People are to bear (since the concepts of invited error or forfeiture do not have any application to a respondent in the present context).

If defendant is asserting the latter point as a way of evading the consequences of his *own* failure to object to the defective verdicts form, he is incorrect. The case he cites, *People v. Superior Court* (*Marks*) (1991) 1 Cal.4th 56, 77, simply holds that the People are not deprived of due process in the reduction of the degree of an offense on appeal (for the failure of the verdict to specify the degree) because they had the opportunity to call the error to the attention of the trial court. The case does not remotely suggest that a defendant does not have any corresponding duty to correct a defective verdict. The principle of forfeiture generally applies in *all* proceedings, civil or criminal, even where a constitutional protection is involved; it is premised on the duty of parties to protect their rights, and it is designed to deter the gamesmanship of sitting on one's hands and raising a defect only after an adverse outcome. (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264-265.) Thus, as the Supreme Court has repeatedly held on this specific point (in cases both parties overlook), the failure to object to the form of a verdict either at the time the trial court proposes it or at the time the jury returns it forfeits the issue on appeal. (*People v. Jones* (2003) 29 Cal.4th 1229, 1259 [claim of ambiguity]; *People v. Bolin* (1998) 18 Cal.4th 297, 330 [claim of erroneous statutory reference]; *People v. Webster* (1991) 54 Cal.3d 411, 446 [claim of unauthorized special verdict].) Defendant has consequently forfeited the issue of the defect on appeal.

To give an abbreviated rather than plenary analysis in light of defendant's forfeiture, we simply note that there is a consistent body of law (that both parties entirely overlook) to the effect that the form of a verdict is immaterial if the intention to convict a defendant of a charged crime is manifest. All that is necessary in a guilty verdict is a reference to a specific count in the information; all else is surplusage that may be disregarded (such as an incorrect code section). (*People v. Camacho* (2009) 171 Cal.App.4th 1269, 1273-1274 [verdict had described offense as carjacking instead of robbery; immaterial because information charged count two as robbery, instructions on robbery referenced count two; arguments of counsel referenced count two as robbery]; *People v. Reddick* (1959) 176 Cal.App.2d 806, 820 [reference to nonexistent code section immaterial where verdict form refers to count in information charging conspiracy]; 6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Judgment, § 81, p. 123 ["Erroneous surplusage will be disregarded. This may consist of an unnecessary and mistaken reference to the wrong statute"].) Here, too, the verdict referenced the count in the information that correctly alleged a violation of section 11352 by offering to sell a controlled substance. Instructions and argument also made it manifestly clear that that was the conduct at issue in the verdict. As a result, the error in the verdict is immaterial and far from being a structural error.

## DISPOSITION

The judgment is affirmed.

                                                                    BUTZ                    , J.


We concur:


        ROBIE                    , Acting P. J.


        HOCH                    , J.

4