Filed 1/8/14  P. v. Mitchell CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059299 |
| v. | (Super.Ct.No. RIF1200736) |
| HUBERT LAMAR MITCHELL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark E. Johnson, Judge. Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Hubert Lamar Mitchell appeals his conviction on multiple counts, including three counts of attempted carjacking.  We will affirm the judgment.

PROCEDURAL HISTORY

The information charged defendant with two counts of attempted kidnapping during a carjacking (Pen. Code, §§ 664, 209.5; counts 1 & 2); attempted carjacking (Pen. Code, § 664, 215, subd. (a); count 3); three counts of making criminal threats (Pen. Code, § 422; counts 4, 5, 6); and felony assault with a knife (Pen. Code, § 245, subd. (a)(1); count 7).  As to all counts, the information alleged that defendant personally used a deadly weapon, i.e., a knife.  (Pen. Code, § 12022, subd. (b)(1), (b)(2).)  Finally, the information alleged that defendant had one prior serious felony conviction constituting a strike.  (Pen. Code, § 667, subds. (a), (c), (e)(1).)

A jury acquitted defendant on counts 1 and 2, finding him guilty instead of the lesser included offense of attempted carjacking.  It convicted him on counts 3 through 7 as charged.  The knife use allegation was found true as to counts 3, 4, 6 and 7, but not true as to counts 1, 2 and 5.  The prior serious felony and prior strike allegations were stricken on motion of the prosecution.

The court sentenced defendant to a prison term of nine years two months and awarded presentence credits.

Defendant filed a timely notice of appeal.

FACTS

On March 8, 2012, Jose Sandoval and his pregnant wife, Mincie Ladrido, drove in a Sienna van to a Circle K to buy gas. After Sandoval parked at a pump, defendant approached him and asked for a ride. When Sandoval declined, defendant replied, "I'm not fucking asking you" and "I swear I'll just take your fucking car." He also said he had just killed someone and needed to get away. He offered $10,000 for a ride. He threw his wallet into the van and threatened to kill Sandoval, Ladrido and their unborn child. Defendant was holding a knife.

When defendant was distracted by a car that had just pulled up to an adjacent pump, Sandoval told his wife to go into the store and call 911. She grabbed the wallet and the keys and went into the store. Sandoval followed her into the store. They saw defendant get into the van. They both thought he acted as though he was under the influence of drugs or alcohol.

While defendant was seeking a ride from Sandoval, Adriana Perez drove up to the adjacent pump in a Tahoe SUV. Her mother and her two children were in the vehicle with her. She heard yelling from the adjacent pump. Defendant then approached her. She tried to ignore him. He said, "Sorry to do this to you, esa," but Perez continued to ignore him. Defendant said someone had taken his kids and that he was going to blow up someone's house. He said he needed her car. When she refused to let him take the car, he pulled out a knife and said he had a gun. He threatened to kill her. Perez's mother yelled at defendant, distracting him from Perez. She jumped into the vehicle and drove away. She called 911 when she had reached a place where she felt it was safe to do so.

The events described by the victims were shown on security videos from the Circle K.

DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. We offered defendant the opportunity to file any supplemental brief he deemed necessary, but he did not do so.

We have examined the entire record and, aside from the clerical error discussed below, have found no error. We are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

In reaching this conclusion, we examined the transcript of the sentencing hearing to determine whether there was an arguable issue whether the court abused its discretion in imposing the upper term on count 3 and the upper term of three years for the knife use enhancement, as mentioned by appointed counsel but not argued. We are satisfied that no abuse of discretion occurred.

Our review of the record disclosed a discrepancy between the knife-use enhancement alleged as to count 3 and the form stating the jury's true finding on that enhancement. The information alleges, pursuant to Penal Code section 12022, subdivision (b)(2), that defendant personally used a knife in the commission of attempted carjacking. The finding form states that defendant personally used a knife in the commission of count 3 "within the meaning of Penal Code section[] 12022,

4

subdivision (b)(1)." Section 12022, subdivision (b)(1), provides for a one-year enhancement for personal use of a deadly weapon, while section 12022, subdivision (b)(2), provides for an enhancement of one, two or three years for use of a deadly weapon in the commission of carjacking or attempted carjacking. The discrepancy is clearly a clerical error and does not affect the jury's factual finding that defendant personally used a deadly weapon in the commission of attempted carjacking. (See *People v. Trotter* (1992) 7 Cal.App.4th 363, 369-370; *People v. Camacho* (2009) 171 Cal.App.4th 1269, 1272-1275.) Had the error been brought to the attention of the trial court, the court could have corrected it by interlineation, or we could remand the matter for the limited purpose of correcting the finding form. However, because the abstract of judgment correctly states that the enhancement was imposed pursuant to section 12022, subdivision (b)(2), we will deem the reference in the finding form to the incorrect statute surplusage and disregard it. (See *People v. Camacho*, at p. 1272.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

RICHLI
J.

MILLER
J.